1
2
3
4
5

SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
E-mail: jmeer@seyfarth.com
Elizabeth M. Levy (SBN 268926)
E-mail:  elevy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

6
7

Attorneys for Defendant
MICHAEL KORS (USA), INC.

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

VICTORIA E. LUCAS, on behalf of
herself all others similarly situated,

Plaintiffs,

v.

MICHAEL KORS (USA), INC., a
Delaware corporation; DECTON INC.,
a California corporation; DECTON
STAFFING SERVICES, a business
entity form unknown and DOES 1
through 100, Inclusive,

Defendants.

Case No. 2:18-cv-1608

**CLASS ACTION**

**NOTICE OF REMOVAL OF
CIVIL ACTION TO THE
UNITED STATES DISTRICT
COURT BY DEFENDANT
MICHAEL KORS (USA), INC.**

*[Concurrently filed with Civil Case
Cover Sheet; Declarations of
Guylaine Rocourt and Elizabeth M.
Levy in support thereof and
Defendant's Certificate of Interested
Parties]*

Complaint Filed: December 26, 2017

21

22

23

24

25

26

27

28

44648881v.1

# **TABLE OF CONTENTS**

I.     PROCEDURAL BACKGROUND IN STATE COURT ................................ 1

II.    TIMELINESS OF REMOVAL .................................................................... 3

III.   JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA") ...................................................................................................... 3

IV.    THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER CAFA ...... 4

    A.    Plaintiff Is A Citizen of California ...................................................... 4

    B.    Michael Kors Is Not A Citizen of California ...................................... 5

    C.    Decton's Citizenship Must Be Disregarded ........................................ 5

    D.    Doe Defendants' Citizenship Must Be Disregarded ........................... 6

V.     THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS ............ 6

VI.    PLAINTIFF'S CLAIMS PLACE MORE THAN $5,000,000 IN CONTROVERSY ...................................................................................... 7

    A.    Missed Meal and Rest Breaks ............................................................ 11

    B.    Failure to Pay Overtime .................................................................... 12

    C.    Failure to Provide Accurate Wage Statements ................................. 13

    D.    Waiting Time Penalties ...................................................................... 14

    E.    Unpaid Minimum Wage ..................................................................... 14

    F.    Attorneys' Fees ................................................................................. 15

VII.   ENTITLEMENT TO CAFA REMOVAL ............................................... 16

VIII.  VENUE ................................................................................................... 16

IX.    NOTICE OF REMOVAL ......................................................................... 16

X.     PRAYER FOR REMOVAL ..................................................................... 17

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5

*Abrego v. The Dow Chem. Co.*,
   443 F.3d 676 (2006) ................................................................. 8

6

7

*Arreola v. The Finish Line*,
   No. 14-CV-03339-LHK, 2014 WL 6982571 (N.D. Cal. Dec. 9,

8

   2014) ..................................................................................... 10

9

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) .............................................. 15

10

11

*Caterpillar, Inc. v. Williams*,
   482 U.S. 386 (1987) ................................................................ 10

12

13

*Cicero v. DirecTV, Inc.*,
   No. EDCV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010) ................. 15

14

15

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010) ................................. 10, 12

16

17

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014) ................................................................. 8

18

19

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ..................................................... 6

20

21

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ....................................................... 9

22

23

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ..................................................................... 5

24

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ....................................................... 4

25

26

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................... 9

27

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) ....................................................... 4

28

ii

44648881v.1

*Muniz v. Pilot Travel Ctrs. LLC*,
 No. CIV. S-07-0325FCDEFB, 2007 WL 1302504 (E.D. Cal. May
 1, 2007) ...................................................................................................... 9, 10, 15

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
 526 U.S. 344 (1999) ............................................................................................ 3

*Oda v. Gucci Am., Inc.*,
 No. 2:14–cv–7468–SVW, 2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ............... 12

*Patel v. Nike Retail Servs., Inc.*,
 58 F. Supp. 3d 1032 (N.D. Cal. 2014) ............................................................. 12

*Powers v. Eichen*,
 229 F.3d 1249 (9th Cir. 2000) .......................................................................... 15

*In re Quintas Secs. Litig.*,
 148 F. Supp. 2d 967 (N.D. Cal. 2001) .............................................................. 15

*Ray v. Wells Fargo Bank, N.A.*,
 No. CV 11-01477 AHM JCX, 2011 WL 1790123 (C.D. Cal. May
 9, 2011) ............................................................................................................. 13

*Rodriguez v. AT&T Mobility Servs. LLC*,
 728 F.3d 975 (9th Cir. 2013) ............................................................................... 8

*Sanchez v. Monumental Life Ins. Co.*,
 102 F.3d 398 (9th Cir. 1996) ............................................................................... 9

*Standard Fire Ins. Co. v. Knowles*,
 568 U.S. 588 (2013) ............................................................................................. 8

*State Farm Mut. Auto Ins. Co. v. Dyer*,
 19 F.3d 514 (10th Cir. 1994) ............................................................................... 4

*Valdez v. Allstate Ins. Co.*,
 372 F.3d 1115 (9th Cir. 2004) ............................................................................. 9

*Wren v. RGIS Inventory Specialists*,
 No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ................. 15

*Zavala v. Deutsche Bank Trust Co. Americas*,
 No. C 13-1040 LB, 2013 WL 3474760 (N.D. Cal. July 10, 2013) ...................... 4

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

**Federal Statutes**

28 U.S.C. § 84(a) ................................................................. 16

28 U.S.C. § 1332 .................................................................... 1

28 U.S.C. § 1332(c)(1) ......................................................... 5

28 U.S.C. § 1332(d) ......................................................... 7, 16

28 U.S.C. § 1332(d)(2) ................................................. 1, 3, 16

28 U.S.C. § 1332(d)(2)(A) ................................................ 4, 6

28 U.S.C. §§ 1332 (d)(5)(B) .............................................. 4, 6

28 U.S.C. § 1332(d)(6) ..................................................... 3, 7

28 U.S.C. § 1367(a) ............................................................ 16

28 U.S.C. § 1441 ........................................................... 1, 16

28 U.S.C. § 1441(a) ....................................................... 1, 3, 6

28 U.S.C. § 1446 .................................................................. 1

28 U.S.C. § 1446(a) ............................................................ 16

28 U.S.C. § 1446(b) .............................................................. 3

28 U.S.C. § 1446(d) ............................................................ 16

28 U.S.C. § 1453 .................................................................. 1

Class Action Fairness Act of 2005 ................................... *passim*

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C)
     (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord*
     *Abrego*, 443 F.3d at 683 ................................................ 9

**State Statutes**

Cal. Civ. Proc. Code § 340(a) ........................................... 13

Cal. Lab. Code § 203(a) ................................................... 14

Cal. Lab. Code § 226.7(c) ................................................ 11

44648881v.1

California Labor Code § 510 ................................................................ 12

California Labor Code § 1194 ............................................................. 12

Labor Code § 203 ............................................................................... 14

Labor Code § 226 ............................................................................... 13

Labor Code § 226(a) .......................................................................... 13

Labor Code § 226(e) .......................................................................... 13

Labor Code § 226.7 ............................................................................ 11

**Rules**

Federal Rules of Civil Procedure Rule 23 ........................................... 7

**Regulations**

Sen. Jud. Comm. Rep., S. REP. 109-14 ............................................... 7

1
2
3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

4
5
6
7
8
9
10
11

     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, MICHAEL KORS (USA), INC. ("Michael Kors") hereby removes the above-captioned action from the California Superior Court, County of Los Angeles to the United States District Court for the Central District of California.  This Court has original federal jurisdiction over this action pursuant section 1332(d)(2) (the Class Action Fairness Act of 2005) ("CAFA"), and removal jurisdiction under 28 U.S.C. sections  1441(a), 1446 and 1453.   Removal is proper for the following reasons:

12

## I.    PROCEDURAL BACKGROUND IN STATE COURT

13
14
15
16
17
18
19
20
21
22
23

    1.    On December 26, 2017, Plaintiff Victoria E. Lucas ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*Victoria E. Lucas v. MICHAEL KORS (USA), INC., a Delaware corporation; DECTON INC., a California Corporation; DECTON STAFFING SERVICES, a business entity form unknown; and DOES 1 through 50, inclusive*," designated Case No. BC688239, alleging seven causes of action against Defendants[1] for: (1) Failure To Pay Overtime Wages; (2) Failure To Pay Minimum Wages; (3) Failure To Provide Meal Periods (4) Failure To Provide Rest Periods; (5) Failure to Pay All Wages Upon Termination; (6) Failure to Provide Accurate Wage Statements; and (7) Unfair Competition.  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

24

    2.    The Complaint seeks to certify the following classes:

25
26
27
28

---

[1] Michael Kors (USA), Inc., Decton Inc. and Decton Staffing Services are collectively referred to as "Defendants."  To date, Michael Kors does not have any knowledge as to whether Decton Inc. and/or Decton Staffing Services have been served, and Plaintiff has not filed a proof of service regarding service on the Decton entities.  (Levy Decl. ¶ 4).

1

44648881v.1

- All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

- All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more (collectively referred to as "Meal Period Class").

- All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of 4 hours or more (collectively referred to as "Rest Period Class").

- All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination or resignation of their employment (collectively referred to as "Late Pay Class").

- All current and former employees of Defendants within the State of California at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements  (collectively referred to as "Wage Statement Class").

Ex. A, Compl. ¶ 23.

3.      On **January 10, 2018,** Judge Kenneth R. Freeman of the Los Angeles County Superior Court issued an Initial Status Conference Order.  A true and correct copy of this order is attached hereto as **Exhibit B.**

4.      On **January 29, 2018**, Michael Kors was served with the Complaint and the (1) Summons, (2) Notice of Case Assignment, (3) Civil Case Cover Sheet

2

44648881v.1

and (4) Early Organizational Meeting Packet, which are attached hereto as **Exhibit C**.

5.      On **February 8, 2018**, Plaintiff filed a Proof of Service of Summons regarding the service on Michael Kors, which is attached hereto as **Exhibit D.**

6.      On **February 26, 2018**, Michael Kors answered Plaintiff's unverified Complaint in the Superior Court of California, County of Los Angeles.  A true and correct copy of Michael Kors' Answer is attached hereto as **Exhibit E**.

7.      **Exhibits A-E** constitute all pleadings, processes and orders served on, or filed by, Michael Kors in this action, as well as all filings pulled from the Los Angeles Superior Court's records.   (*See* Declaration of Elizabeth M. Levy ("Levy Decl."), at ¶ 3).

## II.   TIMELINESS OF REMOVAL

8.      Plaintiff served the Summons and her unverified Complaint on Michael Kors on January 29, 2018.  This Notice of Removal is timely because it is being filed within thirty (30) days of the service upon Michael Kors of a copy of the Summons and Complaint, and within one (1) year of the commencement of this action.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (stating that thirty-day removal period begins when defendant is formally served).

## III.   JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

9.      This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part at 28 U.S.C. section 1332(d)(2).  As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a state different from that of defendants (*see* 28 U.S.C. §§ 1332(d)(2) &

3

44648881v.1

(6)), and the number of putative class members is greater than 100.  *See* 28 U.S.C. §§ 1332 (d)(5)(B).

## IV.   THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER CAFA

10.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  Here, such minimal diversity exists among the parties.  Plaintiff is a citizen of a state that is different from the state of citizenship of Michael Kors.

### A.   Plaintiff Is A Citizen of California

11.    For diversity purposes, a person's domicile is the place where she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013)(where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

12.    Plaintiff alleges that she "is a resident of California."  (Ex. A, Compl. ¶ 9).  Furthermore, Michael Kors' review of public records for Plaintiff verifies that she has continuously resided in Los Angeles County in California since at least 2012.  (Levy Decl. at ¶ 5, Ex. 1).  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile).

13.    Accordingly, Plaintiff is a citizen of the State of California.

44648881v.1

### B.     Michael Kors Is Not A Citizen of California

14.     For diversity purposes, the citizenship of a corporation is "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).

15.     The "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (rejecting all prior tests in favor of "nerve center" test).  As set forth below, Michael Kors is a citizen of New York and Delaware, and is not a citizen of California.

16.     Michael Kors is incorporated in the State of Delaware and maintains its corporate headquarters in at 11 West 42nd Street, New York, NY 10036. (Rocourt Decl. ¶ 4).  Michael Kors also maintains an office at One Meadowlands Plaza, East Rutherford, N.J.  *Id.*  Michael Kors' high level officers direct, control, and coordinate its activities from its corporate headquarters in New York, N.Y.  *Id.* Michael Kors' high level corporate officers including its Chief Executive Officer, maintain offices in the New York, N.Y. headquarters, and Michael Kors' corporate level functions are performed in the New York, N.Y. office.  Additionally, Michael Kors' executive and administrative functions, including payroll, human resources, corporate finance and accounting, are directed from either the New York, N.Y. corporate headquarters or the East Rutherford, N.J. corporate office.  *Id.* Accordingly, Michael Kors is a citizen of Delaware and New York for diversity purposes.  Michael Kors is not a citizen of California.

### C.     Decton's Citizenship Must Be Disregarded

17.     Plaintiff alleges Decton, Inc. is a California corporation and that Decton Staffing Services is an unknown business entity. (Ex. A, Compl. ¶¶ 11, 12). Assuming the Decton entities are citizens of California, it would not deprive this Court of jurisdiction because under CAFA's minimal diversity requirements, only

one purported class member must be a citizen of a state different from any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

**D.**    **Doe Defendants' Citizenship Must Be Disregarded**

18.    The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as "Does" need not join in a removal petition.").  Thus, the existence of Doe Defendants 1 through 50, does not deprive this Court of jurisdiction.

19.    Accordingly, the minimal diversity requirement under CAFA exists as Plaintiff and Michael Kors are citizens of different states.

**V.**    **THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS**

20.    CAFA requires that the aggregate number of members of proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

21.    As noted earlier, Plaintiff's general defined putative class is: "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class")."  (Ex. A, Compl. ¶ 23).  Plaintiff estimates that the proposed class totals "at least one hundred" individuals.  (Ex. A, Compl. ¶ 26).

22.    From December 26, 2013 to December 26, 2017, (the "putative class period"), there have been approximately 432 non-exempt employees employed by Michael Kors in California who fall within Plaintiff's "Non-Exempt Employee" putative class.  (Rocourt Decl. at ¶ 6).  Thus, the requisite number of at least 100 putative class members is satisfied here.

6

44648881v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.   PLAINTIFF'S CLAIMS PLACE MORE THAN $5,000,000 IN CONTROVERSY

23.    While Michael Kors denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs.  All calculations are based on the putative classes alleged in the Complaint, and in no way indicate that class treatment is appropriate in this case, that Plaintiff has standing to represent such classes, or that the classes proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.  Michael Kors expressly reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects.

24.    Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

7

44648881v.1

25.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make a plausible claim that the amount in controversy exceeds that amount.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

26.     Plaintiff does not allege a specific amount in damages for the class she purports to represent, but states that she seeks damages in excess of twenty-five thousand dollars ($25,000).  (Ex. C, Civil Cover Sheet).  Thus, the amount in controversy, as plead by Plaintiff, is at least $25,000 per plaintiff, or at least **$10,800,000** ($25,000 x 432 putative class members).  *See Abrego v. The Dow Chem. Co*., 443 F.3d 676, 689 (2006) (finding jurisdictional amount met where complaint sought no specific amount in damages, but pled the amount in controversy to exceed $25,000 and there were 1,160 class members).

27.     The United States Supreme Court, however, has instructed courts to look beyond the Complaint to determine whether the putative class action meets jurisdictional requirements.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).  In interpreting *Standard Fire,* the Ninth Circuit explained that courts cannot reinforce plaintiff's prerogative, as master of the complaint, to avoid federal jurisdiction by forgoing a portion of the recovery on behalf of the putative class. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).  A defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum.  *Id.* at 977 ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

28.     In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section

8

44648881v.1

1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d at 683 ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional threshold]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount").

29.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

30.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for

9

missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

31.     If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  **Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not**.

*Muniz*, 2007 WL 1302504, at \*4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987))(emphasis added); *see also Arreola v. The Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, \*4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

The Complaint seeks relief on behalf of "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  (Ex. A, Compl., ¶ 23).  During the relevant time period identified in the Complaint, approximately 432 non-exempt hourly employees were employed by Michael Kors in California.  (Rocourt Decl. ¶ 6).  The total number of work weeks for the 432 employees is 39,055 work weeks.  (Rocourt Decl. ¶ 6).  During the proposed class period, the average hourly rate was

10

1  $18.82.  *Id.*

2      32.   As set forth below, the amount in controversy implicated by the class-

3  wide allegations easily exceeds $5,000,000.00.  **All calculations supporting the**

4  **amount in controversy are based on the Complaint's allegations, assuming**

5  **without any admission, the truth of the facts alleged and that liability is**

6  **established.**

7      A.   <u>Missed Meal and Rest Breaks</u>

8      33.   Plaintiff seeks recovery on her behalf and on behalf of the putative

9  class based on her allegation that Defendants "have had a consistent policy of

10  failing to provide Plaintiff and other similarly situated employees or former

11  employees within the State of California a thirty (30) minute uninterrupted meal

12  period for days on which the employees worked more than five (5) hours in a work

13  day and a second thirty (30) minute uninterrupted meal periods for days on which

14  the employees worked in excess of ten (10) hours in a work day, and failing to

15  provide compensation for such unprovided meal periods."  (Ex. A, Compl. ¶18).

16  Plaintiff also alleges that Defendants "have had a consistent policy of failing to

17  provide Plaintiff and similarly situated employees or former employees within the

18  State of California rest periods of at least ten (10) minutes per four (4) hours

19  worked or major fraction thereof."  (Ex. A, Compl. ¶ 20). The amount Plaintiff

20  seeks on these claims is not apparent on the face of the Complaint.   However,

21  pursuant to Labor Code section 226.7, the money owed for a meal period not

22  provided or a rest break not authorized and permitted is one hour of pay for each

23  violation.  *See* CAL. LAB. CODE § 226.7(c).

24      34.   As to these claims, Plaintiff seeks to certify a class covering the last

25  four years.  Michael Kors employed approximately 432 non-exempt employees in

26  California from December 26, 2013 through December 26, 2017.  (Rocourt Decl. ¶

27  6).  These employees worked at least 39,055 work weeks at an average hourly rate

28  of $18.82 during this period of time. (Rocourt Decl. ¶ 6).  Assuming that each

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

putative class member whose work weeks are included in this estimate missed only two meal breaks per work week, the putative class's missed meal break penalties from December 26, 2013 through December 26, 2017 would be approximately **$1,470,030.20** [$18.82[2]/hour x 2 violations x 39,055 work weeks].   Assuming each putative class member only missed two rest breaks per week, the putative class's missed rest break penalties also total **$1,470,030.20**, bringing the total penalties for missed meal and rest break penalties to nearly three million dollars—**$2,940,060.40.**

### B.  Failure to Pay Overtime

35.    Plaintiff alleges Defendants violated California Labor Code §§510 and 1194 by failing to pay all overtime due.  Specifically, Plaintiff alleges, "At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and were not paid overtime wages for all hours worked as a result of, including but not limited to, Defendants improperly rounding time worked by its employees."  (Ex. A, Compl. ¶¶54-55).

36.    Given Plaintiff's allegations, it is reasonable to assume an average of at least one hour of unpaid overtime each pay period for each class member during the relevant time period.  *See Oda v. Gucci Am., Inc.*, No. 2:14–cv–7468–SVW (JPRx), 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015) (finding it reasonable to assume each class member worked at least one hour of unpaid overtime based allegations that the defendant "sometimes" failed to pay overtime); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding the assumption that each class member was owed one hour of overtime compensation

---

[2] This assumed violation rate is extremely conservative since it would be appropriate to assume a 100% violation rate. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010)(properly assuming one missed meal and rest break per day where, as here, the plaintiff failed to allege a more precise calculation.)

44648881v.1

1  per week appropriate where the complaint alleged overtime violations occurred

2  "regularly"); *Ray v. Wells Fargo Bank, N.A*., No. CV 11-01477 AHM JCX, 2011

3  WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding reasonable the defendant's

4  estimate of one hour of unpaid overtime per week for each class member where the

5  complaint alleged "consistent" unpaid overtime work).

6      37.    Assuming only an hour of unpaid overtime per week, the potential

7  unpaid overtime totals at least **$1,102,522.65.**  This figure is reached by

8  multiplying 39,055 work weeks worked by non-exempt employees who were

9  employed by Michael Kors in California from December 26, 2013 to December 26,

10  2017 by $28.23 (*i.e.,* 1.5 times the average hourly rate of $18.82 during the

11  relevant period).

12      **C.**    **Failure to Provide Accurate Wage Statements**

13      38.    The Complaint also alleges that in violation of Labor Code section

14  226, "Defendants have failed to comply with Labor Code §226(a) by not providing

15  itemized wage statements accurately showing, including but not limited to, total

16  hours worked during the pay period and pay due and owing for meal and rest break

17  law violations."  (Ex. A, Compl. ¶ 21).  Plaintiff also seeks penalties under Labor

18  Code § 226(e) for alleged wage statement violations.  (Ex. A, Compl., Prayer at par.

19  C).

20      39.    Labor Code section 226(e) provides a minimum of $50 for the initial

21  violation of as to each employee, and $100 for each further violation as to each

22  employee, up to a maximum penalty of $4,000 per employee.  *See* Cal. Lab. Code

23  § 226(e).  The statute of limitations for recovery of penalties under Labor Code

24  section 226 is one year, *see* Cal. Civ. Proc. Code § 340(a), which in this case,

25  covers the period of  December 26, 2016 through December 26, 2017.

26      40.    During that period, there were approximately 380 non-exempt

27  employees who worked for Michael Kors in California for at least 8,919 pay

28

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

periods. (Rocourt Decl. at ¶¶ 5-6).  Assuming a violation each pay period, penalties would total approximately **$445,950** (8,919 pay periods times $50 per violation).

### D.   Waiting Time Penalties

41.     Plaintiff's prayer for relief alleges that Defendants must pay waiting time penalties under Labor Code section 203 for failure to pay all wages owed upon termination.  (Ex. A, Compl. at p. 16, par. D.).  Labor Code section 203 authorizes penalties of one day of an employee's regular daily rate for each day an employer fails to pay wages due following termination for a maximum of 30 days. *See* CAL. LAB. CODE § 203(a).

42.     The limitations period for potential claims under Labor Code section 203 is three years, which in this case, covers the period December 26, 2014 to December 26, 2017.  During that period, there were approximately 93 putative class members in California whose employment ended.  (Rocourt Decl. at ¶ 6). From December 26, 2014 through December 26, 2017, non-exempt employees' average hourly rate of pay was $17.87.  *Id.* Assuming that the approximately 93 former employees are owed 8 hours of pay per day[3] for the maximum penalty of 30 days' wages, the alleged amount in controversy for just the claim for waiting time penalties would be approximately **$398,858.40** [$4,288.80 ($17.87 x 8 hours x 30) x 93].

### E.   Unpaid Minimum Wage

43.     Plaintiff  also alleges "Defendants failed to pay Plaintiff and members of the Non-Exempt Employee Class minimum wage for all hours worked."  (Ex. A, Compl. ¶ 41).

---

[3] This conservative assumption of eight hours a day is reasonable given Plaintiff's allegations that "Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than 40 hours in a work week," and that Defendants had a consistent policy of failing to provide meal periods "for days on which the employees worked in excess of ten (10) hours in a work day."  (Ex. A, Compl. ¶¶ 18, 35).

14

44.    Conservatively assuming that the putative class members worked one hour per work week without being paid at least minimum wage, the potential unpaid wages total **$351,495** (39,055 work weeks times 1/hour per week using an extremely conservative $9/rate hour, the lowest minimum wage rate during the relevant period).

45.    Using extremely conservative estimates and without considering attorneys' fees, the amount in controversy totals **$5,238,866**, and exceeds the jurisdictional threshold.

### F.    Attorneys' Fees

46.    Plaintiff also seeks attorneys' fees.  (Ex. A, Compl. at Prayer for Relief).  A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Muniz*, 2007 WL 1302504, at *5 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

47.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.   *See, e.g., Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *15-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6-7 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

1  that in the class action settlement context the benchmark for setting attorneys' fees

2  is 25 percent of the common fund).

3      48.    Here, even under the conservative benchmark of 25 percent of the

4  total recovery, attorneys' fees based on the amount in controversy established

5  above could be as high as **$1,309,716.50**, which brings the total amount in

6  controversy to at least **$6,548,582.50.**

7  **VII.  ENTITLEMENT TO CAFA REMOVAL**

8      49.    Because Plaintiff and Michael Kors are citizens of different states,

9  there are more than 100 putative class members, and the amount in controversy

10  exceeds $5,000,000, exclusive of interest and costs, this Court has original

11  jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is

12  therefore a proper one for removal to this Court.

13      50.    To the extent that Plaintiff has alleged any other claims for relief in

14  the Complaint over which this Court would not have original jurisdiction under 28

15  U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such

16  claims pursuant to 28 U.S.C. section 1367(a).

17  **VIII.  VENUE**

18      51.    Venue lies in this Court pursuant to 28 U.S.C. sections 1441, 1446(a)

19  and 84(a).  This action was originally brought in the Superior Court of the State of

20  California, County of Los Angeles.  Further, as discussed above, Plaintiff is a

21  citizen of California and lives in Los Angeles County.  Los Angeles County falls

22  within the jurisdiction of the United States District Court, Central District of

23  California.

24  **IX.  NOTICE OF REMOVAL**

25      52.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of

26  this Notice of Removal will be promptly served on Plaintiff and, together with a

27  copy of the Notice of Removal, will be filed with the Clerk of the Superior Court

28  of the State of California, County of Los Angeles.

DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL

44648881v.1

53.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## X.   PRAYER FOR REMOVAL

WHEREFORE, Michael Kors prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.


DATED: February 27, 2018                    Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ *Elizabeth M. Levy*
Jon D. Meer
Elizabeth M. Levy

Attorneys for Defendant
MICHAEL KORS (USA), INC.

17

44648881v.1

# EXHIBIT A

1  Michael Nourmand, Esq. (SBN 198439)
   James A. De Sario, Esq. (SBN 262552)
2  **THE NOURMAND LAW FIRM, APC**
   8822 West Olympic Boulevard
3  Beverly Hills, California 90211
   Telephone (310) 553-3600
4  Facsimile  (310) 553-3603

5  Attorneys for Plaintiffs,
   VICTORIA E. LUCAS, on behalf
6  of herself and all others similarly situated

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

DEC 26 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES - CENTRAL CIVIL WEST

10

11  VICTORIA E. LUCAS, on behalf of herself   ) CASE NO.:   **BC 6 8 8 2 3 9**
    and all others similarly situated,        )
12                                            ) CLASS ACTION COMPLAINT FOR
                Plaintiffs,                    ) DAMAGES, AND RESTITUTION
13                                            )
                                              ) 1.   FAILURE TO PAY OVERTIME
14              v.                            )      WAGES;
                                              )
15  MICHAEL KORS (USA), INC., a Delaware      ) 2.   FAILURE TO PAY MINIMUM
    corporation; DECTON INC., a California    )      WAGES;
16  corporation; DECTON STAFFING             )
    SERVICES, a business entity form unknown; ) 3.   FAILURE TO PROVIDE MEAL
17  and DOES 1 through 100, Inclusive         )      PERIODS;
                                              )
18              Defendants.                    ) 4.   FAILURE TO PROVIDE REST
                                              )      PERIODS;
19                                            )
                                              ) 5.   FAILURE TO PAY ALL WAGES
20                                            )      UPON TERMINATION;
                                              )
21                                            ) 6.   FAILURE TO PROVIDE
                                              )      ACCURATE WAGE
22                                            )      STATEMENTS; and
                                              )
23                                            ) 7.   UNFAIR COMPETITION
                                              )
24  _____  )      DEMAND FOR JURY TRIAL

25      COMES NOW plaintiff VICTORIA E. LUCAS (hereinafter "Ms. Lucas" and/or

26  "Plaintiff") on behalf of herself and all others similarly situated, and alleges as follows:

27  ///

28  ///

1

CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

## INTRODUCTION

1.  This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by MICHAEL KORS (USA), INC., DECTON INC., DECTON STAFFING SERVICES, any subsidiaries or affiliated companies and any temporary agencies who placed temporary employees to work at MICHAEL KORS (USA), INC. during the relevant time period (hereinafter referred to as "Defendants"), within the State of California.

2.  For at least four (4) years prior to the filing of this action and through to the present Defendants have had a consistent policy of failing to pay wages, including overtime wages, to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, including but not limited to, unevenly rounding time worked.

3.  For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

4.  For at least for (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

5.  For at least for (4) years prior to the filing of this action and continuing through the present, Defendants have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code §§ 201 or 202.

2

6.     Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California <u>Labor Code</u> §§ 200, 201, 201.3, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2810.3 and California <u>Code of Regulations</u>, Title 8, §11070, seeking overtime and minimum wages, premium wages for missed meal periods, penalties, and reasonable attorney's fees and costs.

7.     Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California <u>Business & Professions Code</u> §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

**PARTIES**

**A.**    **Plaintiff**

8.     Venue as to each defendant is proper in this judicial district, pursuant to California <u>Code of Civil Procedure</u> §395. Defendants operate and do business in California; and each defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendants employ numerous Class Members in the State of California.

9.     Plaintiff, VICTORIA E. LUCAS, is a resident of California. At all relevant times herein, he has or had been employed by Defendants as a non-exempt employee with the title of Packer in California.

**B.**    **Defendants**

10.     Defendant, MICHAEL KORS (USA), INC. ("MK" or "Defendants"), a Delaware corporation, manufactures, distributes, and designs clothes in California and other parts of the United States. MK employed Plaintiff and similarly situated persons within the State of California.

11.     Defendant, DECTON INC. ("Decton" or "Defendants"), a California corporation, provides staffing services. Decton employed Plaintiff and similarly situated persons within the State of California.

///

///

3

**CLASS ACTION COMPLAINT**

12.    Defendant, DECTON STAFFING SERVICES ("Decton Staffing" or "Defendants"), a business entity form unknown, provides staffing services. Decton Staffing employed Plaintiff and similarly situated persons within the State of California.

13.    Plaintiff is informed and believes that Defendants are joint employers in that they both employed Plaintiff and similarly situated employees at the same time and were operating as a joint enterprise at all relevant time periods.

14.    Plaintiff is informed and believes, and based thereon alleges that pursuant to Labor Code §2810.3(b) Defendants share the civil legal responsibility and civil liability for the alleged Labor Code violations.

15.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

16.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## FACTUAL BACKGROUND

17.    Plaintiff and other similarly situated employees have not been paid, during the relevant liability periods, wages for all time worked, including overtime wages, as a result of, including but not limited to, improperly rounding time worked by their employees.

18.    Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which

1 the employees worked in excess of ten (10) hours in a work day, and failing to provide

2 compensation for such unprovided meal periods.

3       19.     Plaintiff and other similarly situated employees or former employees at all times

4 pertinent hereto were not exempt from the meal break provisions of California law, and the

5 implementing rules and regulations of the IWC California Wage Orders.

6       20.     Defendants have had a consistent policy of failing to provide Plaintiff and similarly

7 situated employees or former employees within the State of California rest periods of at least ten

8 (10) minutes per four (4) hours worked or major fraction thereof and failing to provide

9 compensation for such unprovided rest periods as required by California wage and hour laws.

10      21.     Defendants have failed to comply with <u>Labor Code</u> §226(a) by not providing

11 itemized wage statements accurately showing, including but not limited to, total hours worked

12 during the pay period and pay due and owing for meal and rest break law violations.

13      22.     At the time Plaintiff's employment and the employment of other former employees

14 of Defendants ended, Defendants willfully failed to pay overtime wages, minimum wages, and one

15 hour of wages in lieu of each unprovided or interrupted meal period and unprovided rest period.

16                          **CLASS ACTION ALLEGATIONS**

17      23.     Plaintiff brings this action on behalf of herself, and all others similarly situated,

18 as a class action pursuant to California <u>Code of Civil Procedure</u> §382. Plaintiff seeks to represent

19 five Classes composed of and defined as follows:

20      <u>Non-Exempt Employee Class</u>

21      All current and former employees of Defendants within the State of California at
        any time commencing four (4) years preceding the filing of Plaintiff's complaint up
22      until the time that notice of the class action is provided to the class (collectively
        referred to as "Non-Exempt Employee Class").
23

24      <u>Meal Period Class</u>

25      All current and former employees of Defendants within the State of California at
        any time commencing four (4) years preceding the filing of Plaintiff's complaint up
        until the time that notice of the class action is provided to the class, who worked
26      shifts of 5 hours or more (collectively referred to as "Meal Period Class").

27 ///

28 ///

**Rest Period Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 4 hours or more (collectively referred to as "Rest Period Class").

**Late Pay Class**

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

24.     Plaintiff reserves the right under California Rules of Court Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25.     This action has been brought and may properly be maintained as a class action under the provisions of California Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.     **Numerosity**

26.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are at least one hundred Class Members employed by Defendants within the State of California.

27.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

///

CLASS ACTION COMPLAINT

**B.**   <u>Commonality</u>

28.   There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    (1)   Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class Members overtime wages?

    (2)   Did Defendants violate <u>Labor Code</u> §§ 1194 and 1197 by not paying Class Members minimum wages for all hours worked?

    (3)   Did Defendants violate <u>Labor Code</u> § 512 by not providing Class Members with meal periods?

    (4)   Did Defendants violate <u>Labor Code</u> § 226.7 by not providing Class Members additional wages for missed or interrupted meal periods?

    (5)   Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages for missed rest periods?

    (6)   Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

    (7)   Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> § 203?

    (8)   Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class Members with accurate wage statements?

    (9)   Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

    (10)   Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> § 17203?

    (11)   Are Class Members entitled to costs and attorney's fees?

    (12)   Are Class Members entitled to interest?

///

///

7

1    **C.    Typicality**

2        29.    The claims of Plaintiff herein alleged are typical of those claims which could be

3    alleged by any member of the classes, and the relief sought is typical of the relief which would be

4    sought by each of the members of the classes in separate actions.  Plaintiff and all members of the

5    Classes sustained injuries and damages arising out of and caused by Defendants' common course of

6    conduct in violation of laws and regulations that have the force and effect of law and statutes as

7    alleged herein.

8        **D.    Adequacy of Representation**

9        30.    Plaintiff will fairly and adequately represent and protect the interests of the

10   members of the Classes.  Counsel who represents Plaintiff is competent and experienced in

11   litigating wage and hour class actions.

12       **E.    Superiority of Class Action**

13       31.    A class action is superior to other available means for the fair and efficient

14   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

15   questions of law and fact common to the Class predominate over any questions affecting only

16   individual members of the Class.  Each member of the Class has been damaged and is entitled to

17   recovery by reason of Defendants' illegal policy and/or practice of failing to pay overtime wages,

18   failing to pay minimum wages, failing to provide meal and rest breaks or compensation in lieu

19   thereof, failing to provide accurate itemized wage statements, and failing to pay all wages due upon

20   termination and/or resignation.

21       32.    Class action treatment will allow those similarly situated persons to litigate their

22   claims in the manner that is most efficient and economical for the parties and the judicial system.

23   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

24   action that would preclude its maintenance as a class action.

25   ///

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

1                           **FIRST CAUSE OF ACTION**

2                        **FAILURE TO PAY OVERTIME WAGES**

3               **(By Plaintiff and the Class Against All Defendants)**

4         33.    Plaintiff realleges and incorporates by reference all of the allegations contained in

5 the preceding paragraphs of this Complaint as though fully set forth herein.

6         34.    At all times relevant to this complaint, California Labor Code §510 was in effect

7 and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours

8 in one workday and any work in excess of forty hours in any one workweek . . . shall be

9 compensated at the rate of no less than one and one-half times the regular rate of pay for an

10 employee."

11         35.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked

12 for Defendants during shifts that consisted of more than eight hours in a work day and/or more than

13 forty hours in a work week and were not paid overtime wages for all hours worked as a result of,

14 including but not limited to, Defendants improperly rounding time worked by its employees.

15         36.    Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in

16 excess of eight hours per day and/or forty hours per week and without properly compensating

17 overtime wages, as described above, Defendants willfully violated the provisions of Labor Code

18 §1194.

19         37.    As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt

20 Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and

21 are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

22 costs, pursuant to Labor Code §§1194, 1199; Code of Civil Procedure §1021.5; and Civil Code

23 §3287.

24                      **SECOND CAUSE OF ACTION**

25                **FAILURE TO PAY MINIMUM WAGES**

26            **(By Plaintiff and the Class Against All Defendants)**

27         38.    Plaintiff realleges and incorporates by reference all of the allegations contained in

28 the preceding paragraphs of this Complaint as though fully set forth herein.

CLASS ACTION COMPLAINT

39.   At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

40.   Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

41.   As a result of Defendants' unlawful conduct, including but not limited to improperly rounding time worked, Defendants failed to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' unlawful conduct, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

42.   Pursuant to Labor Code §§ 1194 and 1194.2 Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, penalties, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiff and the Class Against All Defendants)

43.   Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.   Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Plaintiff and other members of the Meal Period Class were not provided with requisite meal periods as contemplated under the law.

///

///

45. Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

46. By their failure to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by California law, and failing to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code §512 and applicable Wage Orders.

47. As a result of Defendants' unlawful conduct Plaintiff and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed meal periods.

48. Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional pay for missed meal periods. Pursuant to Code of Civil Procedure §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to recover reasonable attorney's fees and costs of suit.

49. Pursuant to Civil Code § 3287(a), Plaintiff and other members of the Meal Period Class are entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

#### (By Plaintiff and the Class Against All Defendants)

50. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51. California law and applicable Wage Orders require that employers "authorize and permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work period "or major fraction thereof." Accordingly, employees who work shifts of 3 ½ to 6 hours must be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up to 10 hours must be provided with 20 minutes of paid rest period, and employees who work shifts

11

1  of more than 10 hours must be provided 30 minutes of paid rest period.  Plaintiff and other

2  members of the Rest Period Class were not provided with requisite rest periods as contemplated

3  under the law.

4      52.    Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a

5  meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

6  Commission, the employer shall pay the employee one additional hour of pay at the employee's

7  regular rate of compensation for each work day that the meal period or rest period is not provided.

8      53.    By their failure to provide Plaintiff and other members of the Rest Period Class

9  with the rest periods contemplated by California law, and failing to provide compensation for such

10  unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor

11  Code §226.7 and applicable Wage Orders.

12      54.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the

13  Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not

14  paid additional pay owed for missed rest periods.

15      55.    Plaintiff and the other members of the Rest Period Class are entitled to recover the

16  full amount of their unpaid additional pay for missed rest periods.  Pursuant to Code of Civil

17  Procedure §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover

18  reasonable attorney's fees and costs of suit.

19      56.    Pursuant to Civil Code § 3287(a), Plaintiff and other members of the Rest Period

20  Class are entitled to recover prejudgment interest on the additional pay owed for missed rest

21  periods.

22      **FIFTH CAUSE OF ACTION**

23      **FAILURE TO PAY ALL WAGES UPON TERMINATION**

24      **(By Plaintiff and the Class Against All Defendants)**

25      57.    Plaintiff realleges and incorporates by reference all of the allegations contained in

26  the preceding paragraphs of this Complaint as though fully set forth herein.

27  ///

28  ///

58.    At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

59.    Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employers were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

60.    Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants had a practice of not paying upon termination, the wages owed to them as a consequence of overtime wages, minimum wages, and meal and rest period violations.

61.    Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

62.    Pursuant to Labor Code §§ 201 and 202 Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

63.    Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

64.    As a result of Defendants' unlawful conduct Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

13

CLASS ACTION COMPLAINT

65.     As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code § 203.

66.     Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, and penalty wages under Labor Code § 203, reasonable attorneys' fees, and costs of suit.  Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiff and the Class Against All Defendants)**

67.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

68.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

69.     Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

71.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, pay due and owing for meal and rest break law violations and payment and hours worked that were not paid.  Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the

14

**CLASS ACTION COMPLAINT**

1 itemization requirements.

2      72.    Defendants' failure to provide Plaintiff and other members of the Wage Statement

3 Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to

4 provide Plaintiff and the other members of the Wage Statement Class with accurate Wage

5 Statements, but intentionally provided wage statements that Defendants knew were not accurate.

6      73.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the

7 Wage Statement Class have suffered injury. The absence of accurate information on their wage

8 statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery

9 and mathematical computations to determine the amount of wages owed, causes difficulty and

10 expense in attempting to reconstruct time and pay records, and led to submission of inaccurate

11 information about wages and amounts deducted from wages to state and federal government

12 agencies.

13      74.    Pursuant to Labor Code § 226(e) Plaintiff and other members of the Wage

14 Statement Class are entitled to recover $50 for the initial pay period during the period in which

15 violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

16 subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

17      75.    Pursuant to Labor Code §§ 226(e) and 226(g), Plaintiff and the other members of

18 the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code

19 § 226(e) reasonable attorney's fees and costs of suit.

20                   **SEVENTH CAUSE OF ACTION**

21                       **UNFAIR COMPETITION**

22        **(By Plaintiff and Class Members Against All Defendants)**

23      76.    Plaintiff realleges and incorporates by reference all of the allegations contained in

24 the preceding paragraphs of this Complaint as though fully set forth herein.

25      77.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

26 within the meaning of Business & Professions Code § 17200. Due to their unlawful business

27 practices in violation of the Labor Code, Defendants have gained a competitive advantage over

28 other comparable companies doing business in the state of California that comply with their

1 obligations to compensate employees in accordance with the Labor Code.

2      78.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and

3 similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff

4 and similarly situated Class Members have been deprived from not being compensated overtime

5 wages, from not being compensated minimum wages, from not being provided with meal and rest

6 breaks or compensation in lieu thereof, from not being payed all wages due upon termination or

7 resignation, and from being provided with inaccurate wage statements.

8      79.    Pursuant to Business & Professions Code § 17203 Plaintiff and similarly situated

9 Class Members are entitled to restitution of all wages and other monies owed to them under the

10 Labor Code, including interest thereon, in which they had a property interest which Defendants

11 failed to pay them but withheld and retained for themselves. Restitution of the money owed to

12 Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming

13 unjustly enriched by their failure to comply with the Labor Code.

14      80.    Plaintiff and similarly situated Class Members are entitled to recover reasonable

15 attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil

16 Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

17                          **PRAYER**

18     WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for

19 judgment against Defendants as follows:

20     A.    An order certifying that Plaintiff may pursue her claims against Defendants as a

21 class action on behalf of the Class Members;

22     B.    An order appointing Plaintiff as Class representative and appointing Plaintiff's

23 counsel as class counsel;

24     C.    Penalties for inaccurate wage statements under Labor Code §226(e);

25     D.    Damages for unpaid wages under Labor Code §§201 or 202;

26     E.    Damages for unpaid penalty wages under Labor Code §203;

27     F.    Damages for unpaid wages for missed meal periods under Labor Code §226.7;

28     G.    Damages for unpaid wages for missed rest periods under Labor Code §226.7;

CLASS ACTION COMPLAINT

1    H.     Damages for minimum wages;

2    I.     Damages for premium wages;

3    J.     Liquidated damages for unpaid minimum wages;

4    K.     Damages for unpaid overtime wages under Labor Code §1194;

5    L.     Restitution under Business and Professions Code §17203;

6    M.     Pre-judgment interest;

7    N.     Costs;

8    O.     Reasonable attorney's fees; and

9    P.     Such other and further relief as the Court deems just and proper.

10

11  DATED: December 22, 2017          THE NOURMAND LAW FIRM, APC

12

13                    By:

                                  Michael Nourmand, Esq.

14                            James A. De Sario, Esq.

                                  Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

FILED
Superior Court of California
County of Los Angeles

JAN 1 0 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Roxanne Arriaga

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| VICTORIA E. LUCAS, et al., <br>      Plaintiff, <br> vs. <br> MICHAEL KORS (USA), INC., et al., <br>     Defendants. | Case No. BC688239 <br><br> INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) <br><br> Case Assigned for All Purposes to <br> Judge Kenneth R. Freeman <br><br> Department: 310 <br> Date:      March 16, 2018 <br> Time:      10:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program.  An Initial Status Conference is set for **March 16, 2018 at 10:00 a.m., in Department 310** located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days (**March 2, 2018 and provide a conformed courtesy copy DIRECTLY in Department 310**) before the Initial Status Conference.

---

INITIAL STATUS CONFERENCE ORDER

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- ■ Early motions in limine,
- ■ Early motions about particular jury instructions,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

INITIAL STATUS CONFERENCE ORDER

kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

- File & Serve Xpress (https://secure.fileandservexpress.com) or

- CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues

---

[2] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER

1    presented in this case, however shall stay all outstanding discovery requests.

2         Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3    counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4    service of this order. If any defendant has not been served in this action, service is to be completed

5    within twenty (20) days of the date of this order.

6         Dated: January 10, 2018

7

8

9                                              _____

10                                             Judge Kenneth R. Freeman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

# EXHIBIT C

**CT Corporation**

**Service of Process
Transmittal**
01/29/2018
CT Log Number 532703878

**TO:**    Krista McDonough, Senior Vice President, General Counsel
Michael Kors
11 West 42nd Street, 29th Floor
New York, NY 10036

**RE:**    **Process Served in California**

**FOR:**    MICHAEL KORS (USA), INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTORIA E. LUCAS, on behalf of herself and all others similarly situated, Pltf. vs. MICHAEL KORS (USA), INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA Case # BC688239 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/29/2018 at 16:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Michael Nourmand TILE NOURMAND. LAW FIRM, APC 8822 West Olympic Boulevard Beverly Hills, CA 90211 310-553-3600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113903806 |
| | Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / KK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** MICHAEL KORS (USA), INC., a
*(AVISO AL DEMANDADO):* Delaware corporation; DECTON
INC., a California corporation; DECTON STAFFING
SERVICES, a business entity form unknown; and DOES 1
through 100, Inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 26 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:** VICTORIA E. LUCAS, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herlself
and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>111 North Hill Street<br><br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 688239** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Nourmand, Esq. (SBN 198439)          (310) 553-3600
James A. De Sario, Esq. (SBN 262552)
THE NOURMAND LAW FIRM, APC
Beverly Hills, California 90211

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* DEC 26 2017 | SHERRI R. CARTER | *(Secretario)* M. Soto | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Michael Kors (USA), Inc., a
   Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____   **BC 688239**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| | ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge William F. Highberger | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| ✓ | Judge Kenneth Freeman | 310 | 1412 |
| | Judge Ann Jones | 308 | 1415 |
| | Judge Maren E. Nelson | 307 | 1402 |
| | Judge Carolyn B. Kuhl | 309 | 1409 |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____      ➢ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

    In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

    - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

    - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Nourmand, Esq. (SBN 198439)<br>James A. De Sario, Esq. (SBN 262552)<br>THE NOURMAND LAW FIRM, APC<br>8822 West Olympic Boulevard<br>Beverly Hills, California 90211<br>  TELEPHONE NO.: (310) 553-3600   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>  STREET ADDRESS: 111 North Hill Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Los Angeles, California 90012<br>  BRANCH NAME: Central District | DEC 26 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Moses Soto |
| CASE NAME:   Lucas v. Michael Kors (USA), Inc., et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 688239**<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **(Cal. Rules of Court, rules 3.400-3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*: 7

5. This case [x] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2017

Michael Nourmand, Esq. (SBN 198439)
_____
(TYPE OR PRINT NAME)                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| **Michael Nourmand, Esq**   SBN: Bar No. 198439   The Nourmand Law Firm, APC   8822 West Olympic Boulevard  Beverly Hills, CA 90211 | | **FILED**   Superior Court of California   County of Los Angeles   **FEB 0 8 2018**   Sherri R. Carter, Executive Officer/Clerk   By _____, Deputy   Maria Agulike |
| TELEPHONE NO.: **(310) 553-3600**   FAX NO.(Optional): **(310) 553-3603**   E-MAIL ADDRESS (Optional): mnourmand@nourmandlawfirm.com   ATTORNEY FOR (Name): **Plaintiff:** | | |

| LOS ANGELES COUNTY SUPERIOR COURT - CENTRAL DISTRICT | |
|---|---|
| STREET ADDRESS: **111 NORTH HILL ST.** | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: **LOS ANGELES, CA 90012** | |
| BRANCH NAME: **CENTRAL** | |

| PLAINTIFF/PETITIONER:  Victoria E. Lucas | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  **Michael Kors (USA) , Inc., a Delaware corporation, et. al.** | **BC 688 239** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*   **Civil Case Cover Sheet; Notice of Case Assignment - Class Action Cases;**
      **Voluntary Efficient Litigation Stipulations Packet**

3. a.  Party served *(specify name of party as shown on documents served):*
   **Michael Kors (USA) , Inc., a Delaware corporation**

   b. ☒  **Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and**
      **not a person under item 5b on whom substituted service was made)** *(specify name and relationship to the*
      *party named in item 3a):*
      **Daisy Montenegro (C.T. Corporation) - Agent for service  of process**

4. Address where the party was served:  **818 W. Seventh Street # 930**
   **Los Angeles, CA 90017**

5. I served the party (check proper box)
   a. ☒  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* 1/29/2018   (2) at *(time):* 11:15 AM

   b. ☐  **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
         person to be served.  I informed him of her of the general nature of the papers.

      *(2)* ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
         abode of the party.  I informed him or her of the general nature of the papers.

      *(3)* ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box.  I informed him of
         her of the general nature of the papers.

      *(4)* ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
         place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on
         *(date):*  from *(city):*                                **or** ☐ a declaration of mailing is attached.

      *(5)* ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use   Judicial Council of California   POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10   **POS010-1/306923180007** |
|---|---|---|

| PETITIONER: **Victoria E. Lucas** | CASE NUMBER: |
|---|---|
| RESPONDENT: **Michael Kors (USA) , Inc., a Delaware corporation, et. al.** | BC 688 239 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                          (2) from  *(city):*

   **(3)** ☐ **with two copies of the** *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

   **(4)** ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of  *(specify):*

c. ☐  as occupant.

d. ☒  On behalf of  *(specify):*  **Michael Kors (USA) , Inc., a Delaware corporation**
   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. **Name: Victor Mendez - All-N-One Legal Support, Inc.**

   b. **Address: 1545 Wilshire Blvd, Suite 715  Los Angeles, CA 90017**

   c. **Telephone number: (213) 202-3990**

   d. **The fee for service was: $ 48.50**

   e. **I am:**

   **(1)** ☐  not a registered California process server.

   **(2)** ☐  exempt from registration under Business and Professions Code section 22350(b).

   **(3)** ☒  registered California process server:

   (i) ☐ owner          ☐ employee          ☒  **independent contractor.**

   (ii) Registration No.: **3428**

   (iii) County: **Los Angeles**

8. ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

   Date: **2/6/2018**

**All-N-One Legal Support, Inc.**
**1545 Wilshire Blvd, Suite 715**
**Los Angeles, CA 90017**
**(213) 202-3990**

| **Victor Mendez** | ▶ | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# EXHIBIT E

COPY

1   SEYFARTH SHAW LLP
    Jon Meer (SBN 144389)
2   jmeer@seyfarth.com
    Elizabeth M. Levy (SBN 268926)
3   elevy@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:   (310) 277-7200
5   Facsimile:   (310) 201-5219

6   Attorneys for Defendant
    MICHAEL KORS (USA), INC.

7

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 26 2018

Sherri R. Carter, Executive Officer/Clerk
By   STEVEN DREW  Deputy

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF LOS ANGELES

11

12   VICTORIA E. LUCAS, on behalf of herself and      Case No. BC688239
     all others similarly situated,
13                                                    Hon. KENNETH R. FREEMAN
                  Plaintiff,
14                                                    DEFENDANT MICHAEL KORS (USA),
          v.                                          INC.'S ANSWER TO PLAINTIFF'S
15                                                    UNVERIFIED FIRST AMENDED
     MICHAEL KORS (USA), INC., a Delaware             COMPLAINT
16   corporation; DECTON INC., a California
     corporation; DECTON STAFFING SERVICES, a
17   business entity form unknown; and DOES 1         BY FAX
     through 50, inclusive,
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
       DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
44593907v.1

## ANSWER

Defendant MICHAEL KORS (USA), INC. ("Defendant") hereby submits its answer to the Unverified Complaint ("Complaint") filed by Plaintiff VICTORIA E. LUCAS ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally each and every allegation, statement, matter and each purported cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

**(Failure to State a Cause of Action Upon Which Relief May be Granted- All Causes of Action)**

1. The Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

## SECOND DEFENSE

**(Failure To State Facts Sufficient To Constitute Any Cause Of Action- All Causes of Action)**

2. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

44593907v.1

1

### THIRD DEFENSE

2

#### (Statute of Limitations- All Causes of Action)

3      3. Plaintiff's claims, in whole or in part, on behalf of herself and the putative class, are barred by the

4      applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 312, 338(a),

5      340, 343 and California Business and Professions Code § 17208.

6

### FOURTH DEFENSE

7

#### (Estoppel and Waiver- All Causes of Action)

8      4. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of

9      estoppel and waiver.

10

### FIFTH DEFENSE

11

#### (Laches- All Causes of Action)

12     5. Plaintiff is barred by the doctrine of laches from pursuing her Complaint, and each purported cause of

13     action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.

14

### SIXTH DEFENSE

15

#### (Unclean Hands- All Causes of Action)

16     6. Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct that bars

17     her claims, in whole or in part, by the doctrine of unclean hands.

18

### SEVENTH DEFENSE

19

#### (Attorneys' Fees- All Causes of Action)

20     7. The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

21

### EIGHTH DEFENSE

22

#### (Constitutionality- All Causes of Action)

23     8. Neither Plaintiff nor any putative class member is not entitled to any penalty award under the

24     California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections

25     establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any

26     damage or loss incurred as a result of Defendant's conduct, and are unconstitutional under the California

27     Constitution and U.S. Constitution and Article I, Section VII, of the California Constitution.

28

44593907v.1

### NINTH DEFENSE

#### (No Double Penalties- Second and Third Causes of Action)

9. Plaintiff's claims for penalties are barred to the extent that she claims twice the statutory penalty provided under Labor Code § 226.7 for alleged unprovoked meal or rest period in a single day.

### TENTH DEFENSE

#### (*Res Judicata*/Collateral Estoppel - All Causes of Action)

10.    Plaintiff's Complaint and each cause of action therein is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that any plaintiff, putative class member or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that they were entitled to payment for overtime, alleged failure to pay minimum wage and/or failure to pay wages upon termination, meal periods, and/or rest breaks, failure to provide accurate wage statements and/or unfair competition and did not prevail on such claim.

### ELEVENTH DEFENSE

#### (Consent- All Causes of Action)

11.    To the extent Plaintiff and the putative class members chose to forego, delay or cut short their meal and/or rest breaks that were provided by Defendant, their claims are barred.

### TWELFTH DEFENSE

#### (Due Process- All Causes of Action)

12.    To the extent Plaintiff purports to seek relief on behalf of others who have suffered no damages or injury, their claims for relief therein violate Defendant's right to due process under the California and United States Constitutions.

### THIRTEENTH DEFENSE

#### (No Willful or Knowing and Intentional Violation- Sixth Cause of Action)

13.    Plaintiff and the putative class members are not entitled to any penalty award under Sections 226 of the California Labor Code or any other provision of the California Labor Code because, at all times relevant and material herein, Defendant did not willfully, or knowingly and intentionally, fail to comply with the provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code.

44593907v.1

## FOURTEENTH DEFENSE

### (No Injury- All Causes of Action)

14.     Plaintiff's claim for penalties pursuant to California Labor Code § 226 fail because neither she nor any of the putative class members has suffered any injury as a result of the challenged statutory violation.

## FIFTEENTH DEFENSE

### (No Standing- All Causes of Action)

15.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and putative members of the purported class lack standing to bring their claims in either an individual, class or representative capacity.

## SIXTEENTH DEFENSE

### (Lack Of Standing Under Proposition 64- Seventh Cause of Action)

16.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or he has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## SEVENTEENTH DEFENSE

### (Accord and Satisfaction- All Causes of Action)

17.     The claims of Plaintiff and the putative class members are barred to the extent that they are subject to prior accord and satisfaction with respect to such claims.

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

## EIGHTEENTH DEFENSE

### (Release- All Causes of Action)

18.     To the extent Plaintiff and/or putative members of the purported class have executed a release or been included in a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## NINETEENTH DEFENSE

### (Failure To Mitigate Damages- All Causes of Action)

19.     Plaintiff is not entitled to recover the damages from Defendant alleged in her Complaint, or any damages, due to her continuous failure to make reasonable efforts to mitigate or minimize the damages that she has allegedly incurred.

## TWENTIETH DEFENSE

### (Offset- All Causes of Action)

20.     To the extent that Plaintiff and/or members of the putative classes are entitled to restitution, damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

## TWENTY-FIRST DEFENSE

### (Setoff And Recoupment- All Causes of Action)

21.     To the extent a court holds that Plaintiff or putative members of the purported class are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-SECOND DEFENSE

### (*De minimis* Doctrine- All Causes of Action)

22.     Plaintiff's claims, on behalf of herself and the putative class, fail to the extent that, even if Plaintiff suffered damages (which Defendant disputes) as a result of Defendant's conduct, including, but not limited to, delayed or shortened meal/rest breaks, rounding, or work occurring off the clock, such damage is *de minimis* and therefore, not compensable as a matter of law.

6

**TWENTY-THIRD DEFENSE**

**(Lawful Policies- All Causes of Action)**

23.     Plaintiff's individual and putative class claims for alleged violation of California Labor Code and the applicable provisions of the California Wage Orders are barred, in whole or in part, because Defendant had lawful policies and at all times provided meal periods and authorized and permitted rest breaks to Plaintiffs and the putative class members, and had policies that complied with the California Labor Code and Wage 7-2001, in accordance with California law.

**TWENTY-FOURTH DEFENSE**

**(Unreasonableness- All Causes of Action)**

24.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and the putative class members unreasonably failed to prevent or to avoid such harm and/or to diminish the extent of the harm.

**TWENTY-FIFTH DEFENSE**

**(Failure To Use Ordinary Care- All Causes of Action)**

25.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff received good consideration in agreement to serve as an employee, yet failed to use ordinary care and diligence during her employment, or employment-related duties, pursuant to California Labor Code Section 2854.

**TWENTY-SIXTH DEFENSE**

**(Failure To Comply With Employer's Directions- All Causes of Action)**

26.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of her employer concerning the service on which she was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens upon her, pursuant to California Labor Code Section 2856.

44593907v.1

1

## TWENTY-SEVENTH DEFENSE

## (Failure To Conform To Usage Of Place Of Performance- All Causes of Action)

27.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to perform services in conformity to the usage of the place of performance and was not otherwise directed by the employer, and such performance was neither impracticable, nor manifestly injurious to Plaintiff, pursuant to California Labor Code Section 2857.

## TWENTY-EIGHTH DEFENSE

## (Degree Of Skill- All Causes of Action)

28.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to exercise a reasonable degree of skill in performing her job duties, pursuant to California Labor Code Section 2858.

## TWENTY-NINTH DEFENSE

## (Failure To Use Skill Possessed- All Causes of Action)

29.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff did not use such skill as she possessed, so far as the same is required, for the service specified for Defendant, as provided under California Labor Code Section 2859.

## THIRTIETH DEFENSE

## (No Equitable Tolling- All Causes of Action)

30.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not entitled to equitable tolling because the allegations in the Complaint do not meet the requisite standard.

## THIRTY-FIRST DEFENSE

## (Arbitration- All Causes of Action)

31.     To the extent Plaintiff and/or putative members of the purported class have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

8

44593907v.1

1

## THIRTY-SECOND DEFENSE

2

**(Failure To Exhaust Administrative Remedies- First, Second, Third, Fourth, Fifth and Sixth**

3

**Causes of Action)**

4   32.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

5   that Plaintiff has failed to exhaust any administrative or statutory remedies provided under California

6   Labor Code Sections 201, 202, 203, 226, 226.7, 510, 512, 558 and 1194 and 1197.

7

## THIRTY-THIRD DEFENSE

8

**(No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods- All Causes of Action)**

9   33.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

10   that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-

11   clock work allegedly performed by Plaintiff or any other purportedly similarly situated current or former

12   employees.  Defendant also did not have actual or constructive knowledge that Plaintiff or any other

13   purportedly similarly situated current or former employees were denied any meal or rest periods.  See,

14   e.g., *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A.*

15   *Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an

16   employee is engaging in overtime work and that employee fails to notify the employer or deliberately

17   prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for

18   the overtime hours is not a violation"); *Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it

19   is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his

20   overtime work").

21

## THIRTY-FOURTH DEFENSE

22

**(Failure To Show Denial Of Meal Periods-Third, Fifth, Sixth and Seventh Causes of Action)**

23   34.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

24   that Plaintiff cannot allege facts that show that Defendant required Plaintiff or any other putative class

25   member to work during any meal period mandated by California Labor Code Section 512.  Plaintiff also

26   cannot show that Defendant required Plaintiff or any other putative class member to work in violation of

27   any applicable order of the California Industrial Welfare Commission, or failed to provide them with a

28

9

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

1    meal period, or denied them meal periods, in accordance with any applicable order of the California

2    Industrial Welfare Commission, as provided under California Labor Code Section 226.7.

3    ## THIRTY-FIFTH DEFENSE

4    **(Failure To Show Denial Of Rest Periods- Fourth, Fifth, Sixth and Seventh Causes of Action)**

5    35.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

6    that Plaintiff cannot allege facts that show that Defendant failed to authorize and permit rest periods or

7    denied rest periods as mandated by any applicable order of the California Industrial Welfare

8    Commission, as provided under California Labor Code Section 226.7.

9    ## THIRTY-SIXTH DEFENSE

10   **(Meal And Rest Periods Were Taken- Third, Fourth, Fifth, Sixth and Seventh Causes of Action)**

11   36.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

12   that Plaintiff and any purportedly similarly situated current or former employees did, in fact, take all

13   meal periods or rest breaks to which Plaintiff claims they were entitled throughout their employment.

14   ## THIRTY-SEVENTH DEFENSE

15   **(Meal Periods Were Provided And Rest Periods Were Authorized And Permitted- Third, Fourth,**

16   **Fifth, Sixth and Seventh Causes of Action)**

17   37.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a basis

18   upon which relief can be granted because Defendant, at all relevant times,  provided meal periods and

19   authorized and permitted rest periods as required by law.

20   ## THIRTY-EIGHTH DEFENSE

21   **(Good Faith Dispute And Waiting Time Penalties- First, Second, Third, Fourth and Fifth Causes**

22   **of Action)**

23   38.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a claim for

24   waiting time penalties because there was a good faith dispute as to whether such penalties were due and

25   some members of the purported class did not resign or were not discharged prior to the filing of this

26   action and/or to the extent that no such penalties can continue after the commencement of an action for

27   the penalties.

28

10

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

1

### THIRTY-NINTH DEFENSE

2

### (Contribution By Plaintiff's Own Acts- All Causes of Action)

3    39.    If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies),

4  such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's

5  own acts, omissions, and/or failures to act.

6

### FORTIETH DEFENSE

7

### (Avoidable Consequences Doctrine- All Causes of Action)

8    40.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

9  avoidable consequences doctrine.

10

### FORTY-FIRST DEFENSE

11

### (No Unlawful, Unfair Or Fraudulent Business Practice- Seventh Cause of Action)

12    41.    Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's Complaint,

13  and each purported cause of action alleged therein, fails because the alleged practices of Defendant are

14  not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices,

15  Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices

16  outweigh any harm or other impact they may cause.

17

### FORTY-SECOND DEFENSE

18

### (Ratification- All Causes of Action)

19    42.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the ground

20  that Plaintiff ratified Defendant's alleged actions.

21

### FORTY-THIRD DEFENSE

22

### (Failure To State Facts Warranting Class Certification And Class Damages- All Causes of Action)

23    43.    Plaintiff's allegations that this action should be certified as a class action fail as a matter of law

24  because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class

25  damages, pursuant to California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of

26  Civil Procedure.  Plaintiff likewise has failed to set forth any facts supporting any other form of

27  representative action.

28

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

## FORTY-FOURTH DEFENSE

**(Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law-All Causes of Action)**

44.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Plaintiff cannot allege predominant questions of fact and law, as required under California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure.

## FORTY-FIFTH DEFENSE

**(Failure To Show Adequate Damages- All Causes of Action)**

45.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or the members of the purported class.

## FORTY-SIXTH DEFENSE

**(Failure To Allege Facts To Support Restitution- Seventh Cause of Action)**

46.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific and individualized amount of property claimed by Plaintiff and/or any other member of the purported class, as required for a remedy of restitution under the UCL.

## FORTY-SEVENTH DEFENSE

**(Lack Of Standing To Request A Jury Trial- All Causes of Action)**

47.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for claims that are of a nature or right that did not provide for a jury trial at common law prior to the adoption of the California Constitution.  To the extent that Plaintiff seeks a jury trial for such claims, there is no such jury trial right.

## FORTY-EIGHTH DEFENSE

**(Lack Of Standing For Injunctive Relief- All Causes of Action)**

48.     The claims of Plaintiff and putative members of the purported class for injunctive and other equitable relief are barred because Plaintiff is a former employee and thus has no standing to seek injunctive or other equitable relief.

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

### FORTY-NINTH DEFENSE

**(Inability To Pursue Penalties Under The UCL- Seventh Cause of Action)**

49.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks penalties, not restitution, for alleged violations of the Labor Code that form the basis of her claims under the UCL.

### FIFTIETH DEFENSE

**(Inability To Recover Attorneys' Fees Under The UCL- Seventh Cause of Action)**

50.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks attorneys' fees and costs because Plaintiff cannot show the enforcement of an important right affecting the public interest.

### FIFTY-FIRST DEFENSE

**(Inability To Pursue Legal And Equitable Claims Involving Same Alleged Facts- All Causes of Action)**

51.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for her legal claims based on the California Labor Code while simultaneously seeking equitable relief for her claims under the UCL.  Given that these claims require different triers of fact to address the same facts and legal theories, Plaintiff's request for both legal and equitable relief may lead to inconsistent results.  Also, because Plaintiff's claims under the California Labor Code involve the same facts and legal theories as Plaintiff's claims under the UCL, Defendant is necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiff continues to pursue both legal and equitable claims.

### FIFTY-SECOND DEFENSE

**(Not Appropriate For Class Action- All Causes of Action)**

52.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish numerosity; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

13

44593907v.1

1

### FIFTY-THIRD DEFENSE

2

#### (Uncertainty- All Causes of Action)

3    53.    The claims of Plaintiff and putative members of the purported class are barred in whole or in

4    part, because the Complaint is uncertain in that the purported class and subclass definitions are

5    ambiguous and conclusory.

6

### FIFTY-FOURTH DEFENSE

7

#### (No Ascertainable Class- All Causes of Action)

8    54.    The putative class that the named Plaintiff purports to represent, the existence of which is

9    expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the

10   purported class members.

11

### FIFTY-FIFTH DEFENSE

12

#### (Class Action Not Superior Method Of Adjudication- All Causes of Action)

13   55.    The alleged claims are barred, in whole or in part, as a class action, because a class action is not

14   the superior method of adjudicating this dispute.

15

### FIFTY-SIXTH DEFENSE

16

#### (Adequate Remedy At Law- All Causes of Action)

17   56.    Plaintiff is not entitled to the equitable relief sought insofar as she has an adequate remedy at law

18   and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

19

20

### FIFTY-SEVENTH DEFENSE

#### (Improper Defendant- All Causes of Action)

21

22   57.    To the extent Defendant did not employ Plaintiff, it is an improperly named Defendant.

23

### ADDITIONAL DEFENSES

24

25   Defendant presently has insufficient knowledge or information upon which to form a belief

26   whether there may be additional, as yet unstated, defenses and reserve the right to assert additional

defenses in the event that discovery indicates that such defenses are appropriate.

27

28

14

44593907v.1

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff, on behalf of herself and the putative class, take nothing by her Complaint on file herein;

2.     That judgment be entered in favor of Defendant and against Plaintiff, and those persons in the putative class, on all causes of action;

3.     That Defendant be awarded reasonable attorney's fees according to proof;

4.     That Defendant be awarded costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: February 26, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
    Jon D. Meer
    Elizabeth M. Levy
    Attorneys for Defendant
    MICHAEL KORS (USA), INC.

15

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA        )
)  ss

3

COUNTY OF LOS ANGELES    )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the

5

within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 26, 2018, I served the within document(s):

6

    **DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S**
    **UNVERIFIED FIRST AMENDED COMPLAINT**

7

8

☐ I sent such document from facsimile machines (310) 201-5219 on _____. I

9

certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I,

10

thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

11

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

12

13

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14

15

Michael Nourmand, Esq.
James A. De Sario, Esq.

16

The Nourmand Law Firm, APC
8822 West Olympic Boulevard

17

Beverly Hills, CA 90211
Telephone: 310-553-3600

18

Facsimile: 310-553-3603
Attorneys for Plaintiff Victoria E. Lucas, on behalf of herself and all others similarly situated

19

     I am readily familiar with the firm's practice of collection and processing correspondence for

20

mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party

21

served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

     I declare under penalty of perjury under the laws of the State of California that the above is true

23

and correct.

24

     Executed on February 26, 2018, at Los Angeles, California.

25

26

_____
Maria Luz Palanca

27

28

DEFENDANT MICHAEL KORS (USA), INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

44593907v.1

```
LASC - CENTRAL CIVIL WEST
600 S. COMMONWEALTH AVE.
LOS ANGELES CA 90005

DATE PAID: 02/26/18  04:18 PM
RECEIPT #: CCW530015036

CIT/CASE:  BC688239
LEA/DEF#:


PAYMENT:    $1,435.00          310
RECEIVED:
   CHECK:                $1,435.00
   CASH:                     $0.00
   CHANGE:                   $0.00
   CARD:                     $0.00
```

LASC - CENTRAL CIVIL WEST
600 S. COMMONWEALTH A/V.
LOS ANGELES CA 90004

DATE PAID: 02/26/18  04:18 PM
RECEIPT #: CCW5700137036

CITY/CASE:  BC694229
LEA/OFF#:

PAYMENT:    $1,435.00    110
RECEIVED:
CHECK:      $1,435.00
CASH:       $0.00
CHANGE:     $0.00
CARD:       $0.00