1    SEYFARTH SHAW LLP
     Jon D. Meer (SBN 144389)
2    E-mail: jmeer@seyfarth.com
     Elizabeth M. Levy (SBN 268926)
3    E-mail: elevy@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone: (310) 277-7200
5    Facsimile: (310) 201-5219

6    Attorneys for Defendant
     MICHAEL KORS (USA), INC.
7
     BURKHALTER KESSLER CLEMENT &
8    GEORGE LLP
     Daniel J. Kessler, Esq., Bar No. 173710
9    Email: dkessler@bkcglaw.com
     Ros M. Lockwood, Esq., Bar No. 198718
10   Email: rlockwood@bkcglaw.com
     2020 Main Street, Suite 600
11   Irvine, California 92614
     Telephone: (949) 975-7500
12   Facsimile: (949) 975-7501

13   Attorneys for Defendants,
     Decton Inc. and Total Placement Solutions,
14   LLC dba Decton LI (erroneously sued as
     Decton Staffing Services)
15

16                     UNITED STATES DISTRICT COURT

17                    CENTRAL DISTRICT OF CALIFORNIA

18
     VICTORIA E. LUCAS, on behalf of      Case No. 2:18-cv-1608- MWF (MRXx)
19   herself all others similarly situated,
                              Plaintiffs,  Assigned to Hon. Michael W. Fitzgerald
20           v.
                                           **NOTICE OF MOTION AND JOINT
21   MICHAEL KORS (USA), INC., a           MOTION TO COMPEL
     Delaware corporation; DECTON          ARBITRATION; MEMORANDUM
22   INC., a California corporation;       OF POINTS AND AUTHORITIES**
     DECTON STAFFING SERVICES, a
23   business entity form unknown and      *[Concurrently filed with Notice of
     DOES 1 through 100, Inclusive,         Motion; Motion; Declaration of Nicole
24                          Defendants.     Marquardt; Declaration of Elizabeth
                                            M. Levy; Request for Judicial Notice;
25                                          and Proposed Order]*
                                           Date: July 9, 2018
26                                         Time: 10:00 am
                                           Courtroom: 5A
27
                                           Complaint Filed: December 26, 2017
28

_____
                    JOINT MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................ 1

II.    RELEVANT FACTS ...................................................................... 1

     A.    Plaintiff's Complaint.................................................................. 1

     B.    Plaintiff Signed a Binding and Enforceable Arbitration Agreement. ................................................................................ 2

     C.    The Arbitration Agreement Expressly Includes Michael Kors as an Intended Beneficiary. ........................................................... 3

     D.    The Arbitration Agreement Prohibits Plaintiff From Pursuing Class or Representative Actions. ............................................... 4

     E.    Plaintiff Has Asserted Claims Against Defendants That Fall Directly Within The Scope Of The Arbitration Agreement. ................ 4

     F.    Plaintiff Refuses To Arbitrate Her Claims. .............................. 5

III.   THE COURT SHOULD COMPEL ARBITRATION ...................... 6

     A.    The FAA And U.S. Supreme Court Provide For Enforcement Of Agreements To Arbitrate. .................................................. 6

     B.    Plaintiff Agreed To Arbitrate Her Claims And The Agreement Must Be Enforced. ................................................................. 7

          1.    Plaintiff Entered Into A Valid Agreement................................ 7

          2.    Michael Kors Is Also Entitled To Enforce Plaintiff's Arbitration Agreement With Decton. .......................................... 8

               a.    Michael Kors Is Entitled To Enforce The Arbitration Agreement As A Third Party Beneficiary. ........................................................ 9

               b.    Michael Kors May Compel Arbitration Under An Agency Theory. ............................................................ 10

               c.    Michael Kors May Enforce The Arbitration Agreement On Estoppel Grounds. ................................ 11

          3.    Plaintiff's Claims Are Within The Scope Of The Arbitration Agreement................................................................ 12

          4.    The Arbitration Agreement Is Not Unconscionable................ 13

               a.    The Agreement Contains a Valid Class Action Waiver. ......................................................... 13

i

46749521v.2

b.      Any Argument That The Arbitration Agreement Is Unenforceable Pursuant To *Armendariz* Would Be Meritless In Light Of *Concepcion*. ................................ 14

       i.      *Armendariz* Is No Longer Good Law. ................. 15

       ii.      In Any Event, The Arbitration Agreement Complies With The *Armendariz* Requirements. ..................................... 16

       iii.      The Agreement Requires A Neutral Arbitrator. ............................................. 17

       iv.      The Agreement Provides for Adequate Discovery. .......................................... 17

       v.      The Agreement Requires The Arbitrator To Issue A Written Award. ...................................... 18

       vi.      The Agreement Does Not Limit The Relief Available to Plaintiff. ............................................ 18

       vii.      Plaintiff Will Not Be Required To Pay Unreasonable Costs or Arbitrator Fees. ............... 18

IV.      CONCLUSION ............................................................... 19

46749521v.2

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ambler v. BT Americas Inc.*,
5
   964 F. Supp. 2d 1169 (N.D. Cal. 2013) ........................................................ 7

6

*Amisil Holdings Ltd. v. Clarium Capital Mgmt.*,
7
   622 F. Supp. 2d 825 (N.D. Cal. 2007) ..................................................... 10, 11

8

*Arthur Andersen LLP v. Carlisle*,
   556 U.S. 624 (2009) ...................................................................................... 9
9

10

*AT&T Mobile LLC v. Concepcion*,
   131 S. Ct. 1740 (2010) .........................................................................*passim*
11

12

*Burnett v. Macy's West Stores, Inc.*,
   Case No. 1:11–cv–01277 LJO SMS, 2011 WL 4770614 (E.D. Cal.
13
   Oct. 7, 2011) ............................................................................................... 16

14

*Camilo v. Uber Technologies, Inc.*,
15
   Case No. 17 CIV. 9508 (AKH) 2018 WL 2464507 (S.D.N.Y., May
16
   31, 2018) ..................................................................................................... 14

17

*Epic Sys. Corp. v. Lewis*,
   -- S. Ct.--- (2018), No. 16-285, 2018 WL 2292444 (U.S. May 21,
18
   2018) ...............................................................................................5, 13, 14

19

*Houck v. Steptoe & Johnson LLP*,
20
   Case  No. 2:17-cv-04595-ODW-AFM (C.D. Cal. May 31, 2018).................... 14

21

*Kilgore v. KeyBank, Nat. Ass'n*,
22
   718 F.3d 1052 (9th Cir. 2013).................................................................. 13, 15

23

*Morris v. Ernst & Young, LLP*,
   834 F.3d 975 (9th Cir. 2016)......................................................................... 14
24

25

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) .......................................................................................... 6
26

27

*Oguejiofor v. Nissan*,
   Case No. C–11–0544 EMC, 2011 WL 3879482 (N.D. Cal. Sept. 2,
28
   2011).......................................................................................................... 16

iii

*Perry v. Thomas*,
   482 U.S. 483 (1987) .................................................................................... 6

*Reilly v. WM Fin. Servs. Inc.*,
   95 F. App'x 851 (9th Cir. 2004).................................................................. 7

*Ruhe v. Masimo Corp.*,
   Case No. No. SACV 11–00734–CJC(JCGx), 2011 WL 4442790
   (C.D. Cal. Sept. 16, 2011) ....................................................................... 16

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   130 S. Ct. 1758 (2010) .............................................................................. 6

*Williams, v. Dearborn Motors 1, LLC*,
   Case No. 17-12724,) 2018 WL 2364051 (E.D. Mich., May 24,
   2018)....................................................................................................... 14

**State Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000)........................................................................*passim*

*Baxter v. Genworth N. Am. Corp.*,
   16 Cal.App.5th 713 (2017)....................................................................... 17

*Boucher v. Alliance Title Co., Inc.*,
   127 Cal. App. 4th 262 (2005)............................................................ 11, 12

*Bouton v. USAA Cas. Ins. Co.*,
   167 Cal. App. 4th 412 (2008).................................................................... 9

*Cione v. Foresters Equity Servs., Inc.*,
   58 Cal. App. 4th 625 (1997)...................................................................... 9

*Craig v. Brown & Root, Inc.*,
   84 Cal. App. 4th 416 (2000)...................................................................... 7

*Cruz Gonzelez v. Decton, Inc., et. al.*,
   Superior Court of California, Los Angeles County, Case No.
   BC611825 .................................................................................................. 5

*Div. of Labor Law Enforcement v. Transpacific Trans. Co.*,
   69 Cal. App. 3d 268 (1977)....................................................................... 7

46749521v.2

*Harris v. Superior Court*,
    188 Cal. App. 3d 475 (1986) ................................................................. 9

*Macaulay v. Norlander*,
    12 Cal. App. 4th 1 (1992) .................................................................... 10

*Metalclad Corp. v. Ventana Envtl. Organizational P'ship*,
    109 Cal. App. 4th 1705 (2003) ........................................................... 11

*Ronay Family Ltd. P'ship v. Tweed*,
    216 Cal. App. 4th 830 (2013) .......................................................... 9, 10

*Ruiz v. Moss Bros. Auto Grp.*,
    232 Cal. App. 4th 836 (2014) ............................................................... 7

*Victoria Lucas v. Michael Kors (USA), Inc. et. al.*,
    Case No. BC688239 ............................................................................. 2

*Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co.*,
    129 Cal. App. 4th 759 (2005) .......................................................... 8, 10

**Federal Statutes**

FAA § 2 ............................................................................................... 6, 13

FAA § 3 ..................................................................................................... 6

FAA § 4 ..................................................................................................... 6

Federal Arbitration Act ....................................................................... 5, 13

National Labor Relations Act ................................................................. 14

**State Statutes**

Cal. Civ. Code § 1559 .............................................................................. 9

Cal. Civ. Code § 1633.7 ........................................................................... 7

Cal. Civ. Code § 1633.9 ........................................................................... 7

California Labor Code § 229 ..................................................................... 6

Private Attorney General Act .................................................................... 2

v

1

**Rules**

2

Rule 26(f).............................................................................................5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION TO COMPEL ARBITRATION

46749521v.2

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 9, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard, Defendants Decton Inc., Total Placement Solutions, LLC dba Decton LI's (Erroneously Sued As Decton Staffing Services), and Michael Kors (USA), Inc. (collectively, "Defendants") will and hereby do move this Court for an order: (1) compelling Plaintiff Victoria Lucas ("Plaintiff") to arbitrate her claims against Defendants; (2) striking and dismissing Plaintiff's class and collective allegations; and (3) staying the litigation of Plaintiff's individual claims pending arbitration. This motion is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et. seq.* and is brought on the grounds that Plaintiff's claims against Defendants are subject to a valid and enforceable arbitration agreement that requires Plaintiff to arbitrate any dispute with Defendants on an individual basis only, and not in a court of law. This motion is made following the conference of counsel pursuant to Local Rule 7-3 that began on March 20, 2018 and continued on May 26, 2018 and June 4, 2018. (Declaration of Elizabeth Levy, ("Levy Dec.") at ¶ 3).This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the Declarations of Nicole Marquardt and Elizabeth Levy filed herewith, the pleadings and papers on file in this action, and such additional evidence and argument as may be presented at or prior to the time of the hearing.

1      DATED: June 11, 2018                      Respectfully submitted,

2                                            SEYFARTH SHAW LLP

3

4                                            By: /s/ *Elizabeth M. Levy*

5                                                 Jon D. Meer
                                                Elizabeth M. Levy

6                                            Attorneys for Defendant
                                           MICHAEL KORS (USA), INC.

7

8                                            BURKHALTER KESSLER
                                           CLEMENT & GEORGE LLP

9

10

11                                            By: /s/ *Ros M. Lockwood*
                                                Ros M. Lockwood, Esq.

12                                                 Daniel J. Kessler, Esq.

13                                            Attorneys for Defendants,
                                           Decton Inc. and Total Placement

14                                            Solutions, LLC dba Decton LI
                                           (erroneously sued as Decton Staffing

15                                            Services).

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION TO COMPEL ARBITRATION

46749521v.2

## I.   INTRODUCTION

Plaintiff Victoria Lucas ("Plaintiff") was employed by a staffing agency, Decton, Inc. and its successor, Total Placement Solutions, LLC dba Decton LI's (erroneously sued as Decton Staffing Services)(collectively, "Decton")[1].  During Plaintiff's employment at Decton, she was temporarily assigned to perform work at a Michael Kors (USA), Inc. ("Michael Kors") warehouse facility.

In connection with her employment with Decton, Plaintiff voluntarily entered into a Mutual Binding Arbitration Agreement ("Arbitration Agreement") that explicitly extends to any claims against Decton and Decton's agents, such as Michael Kors.  Thus, Plaintiff's claims against Decton and Michael Kors (collectively "Defendants") are subject to binding arbitration.

There is no dispute that the agreement is applicable and enforceable, and that Plaintiff's claims are the *exact* claims Plaintiff agreed to arbitrate.

Furthermore, by signing the Arbitration Agreement, Plaintiff agreed that she could only assert claims in her individual capacity, and not in a class action or representative proceeding.  Therefore, Plaintiff may only pursue individual claims in arbitration.

Defendants respectfully request that the Court order Plaintiff to arbitrate her individual claims against Defendants, and to stay the underlying action pending completion of the arbitration.

## II.   RELEVANT FACTS

### A.   Plaintiff's Complaint.

On December 27, 2017, Plaintiff filed her Complaint in the Superior Court of California for the County of Los Angeles, alleging seven causes of action on behalf of herself and putative subclasses of "All current and former employees of

---

[1] Defendant Decton Inc. erroneously answered on its behalf as well as Total Placement Solutions, LLC dba Decton LI.  Decton Inc. intends to seek stipulation from the other parties for the dismissal without prejudice of Total Placement Solutions.

1

46749521v.2

Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Dkt. No. 1, Ex. A, pp. 29-30 (Comp. ¶ 23)). The action is entitled *Victoria Lucas v. Michael Kors (USA), Inc. et. al.*, Case No. BC688239 (the "Action").

In her Complaint, Plaintiff alleges the following seven (7) causes of action against Defendants on behalf of herself and a putative class: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Pay All Wages Upon Termination; (6) Failure to Provide Accurate Wage Statements; and (7) Unfair Competition.

On February 26, 2018, Michael Kors filed an Answer to the Complaint. (Dkt. No. 1 at Ex. E, p. 72), and on February 27, 2018 Michael Kors removed the Action to this Court. (Dkt. Nos. 1-6). Decton filed an Answer on March 20, 2018. (Dkt. No. 10). Plaintiff filed a Motion to Remand on March 28, 2018, which was denied on May 9, 2018. (Dkt. Nos. 12 and 33). Meanwhile, on April 19, 2018, Plaintiff filed a Motion for Leave to Amend to add a claim under the Private Attorney General Act, which was denied on May 9, 2018. (Dkt. Nos. 19 and 29).

To date, Defendants have not propounded or engaged in any discovery. (Declaration of Elizabeth Levy ("Levy Dec.") ¶ 2).

### B. Plaintiff Signed a Binding and Enforceable Arbitration Agreement.

Plaintiff applied for a position with Decton on or about February 12, 2016. (Declaration of Nicole Marquardt ("Marquardt Dec.") ¶ 3). Decton uses an online, server based, computer terminal accessed system ("HR system") for its application and hiring process. (Marquardt Dec. ¶ 5). Each employee or prospective employee, including Plaintiff, is issued her own unique login ID and password. (Marquardt Dec. ¶ 6). Only the employee or prospective employee has access to this

2

information. (*Id.*)  Each employee or prospective employee, including Plaintiff, is required to sign in to Decton's HR system using their unique login ID and password when reviewing or signing electronic forms and agreements. (Marquardt Dec. ¶ 6).

On February 12, 2016, as part of the application process, Plaintiff electronically signed a "Mutual Binding Arbitration Agreement" (the "Arbitration Agreement") which unambiguously requires Plaintiff and Defendants to arbitrate any disputes that may arise related to Plaintiff's employment. (Marquardt Dec. ¶ 4, Ex. A).  This electronic signature could only have been placed by Plaintiff, as her unique login ID and password on the precise date recorded by the HR system were required for the signature. (*Id.*)

### C. The Arbitration Agreement Expressly Includes Michael Kors as an Intended Beneficiary.

The Arbitration Agreement Plaintiff signed unambiguously states that all disputes, including disputes with Decton's agents, are subject to arbitration:

> I agree and acknowledge that the Company and I will utilize binding arbitration to resolve all disputes that may arise out of the employment (including independent contractor) context. Both the Company and I agree that any claim, dispute, and /or controversy that either I may have against the Company (or its owners, directors, officers, managers, employees, **agents,** and parties affiliated with its employee benefit and health plans) or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment by, or other association with the company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, and following the procedures of the California Arbitration Act (CA Code Civ. Porc, sec 1280 et. seq.).

(Marquardt Dec. ¶ 4, Ex. A) (emphasis added).

JOINT MOTION TO COMPEL ARBITRATION

46749521v.2

**D.   The Arbitration Agreement Prohibits Plaintiff From Pursuing Class or Representative Actions.**

The Arbitration Agreement also specifies that Plaintiff may only pursue her claims in an individual capacity:

> All claims must be brought in the parties' individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

(Marquardt Dec. ¶ 4, Ex. A).

Plaintiff voluntarily signed the Arbitration Agreement on February 12, 2016. (Marquardt Dec. ¶ 4, Ex. A).

**E.   Plaintiff Has Asserted Claims Against Defendants That Fall Directly Within The Scope Of The Arbitration Agreement.**

The Arbitration Agreement provides that any claim arising out of Plaintiff's employment shall be subject to arbitration:

> I agree and acknowledge that the Company and I will utilize binding arbitration to resolve all disputes that may arise out of the employment (including independent contractor) context….
>
> Included in the scope of this agreement are all disputes, whether they be based on the California Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, as amended, **or any other state or federal law or regulation,** equitable law, or otherwise, with the exception of claims arising under the National Labor Relations Act which are brought before the National Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, Employment Development Department claims, or as otherwise required by state or federal law.

(Marquardt Dec. ¶ 4, Ex. A) (emphasis added).

As outlined above, Plaintiff's Complaint asserts claims that all derive from "the employment [] context," such as claims for alleged meal and rest period violations, minimum wage and overtime compensation, alleged wage statement violations, and unfair business practices relating to her employment with Decton

4

46749521v.2

1   while she was temporarily assigned to perform work at a Michael Kors facility.

2   Each of her claims falls squarely within the scope of the Arbitration Agreement.

3         There is no doubt that this agreement applies to Plaintiff's claims. This *exact*

4   arbitration agreement has been enforced with respect to a former employee's

5   claims against Decton and Michael Kors.  (*See* Request for Judicial Notice, Exs. 1-

6   2; Nicole Marquardt Declaration and Order Granting Motion To Compel

7   Arbitration in CRUZ GONZALEZ V. DECTON, INC., ET. AL., Superior Court of

8   California, Los Angeles County, Case No. BC611825).

9         **F.    Plaintiff Refuses To Arbitrate Her Claims.**

10         Defendants have requested Plaintiff submit to binding arbitration pursuant to

11   the unambiguous language of the Arbitration Agreement.  (Levy Dec. ¶ 3).  During

12   a meet and confer call on March 20, 2018, Defendants informed Plaintiff's counsel

13   that Plaintiff had signed the Arbitration Agreement containing a class action

14   waiver.  (*Id.*) On April 10, 2018, the parties filed a Joint Rule 26(f) Report, and

15   Defendants explained that once Plaintiff's Motion to Remand had been

16   adjudicated, they would file a Motion to Compel Arbitration.  (Dkt. No. 15).  On

17   April 25, 2018, Michael Kors produced a copy of the Arbitration Agreement to

18   Plaintiff's counsel.  (Levy Dec. ¶ 4).  Shortly after Plaintiff's Motion to Remand

19   was denied, on May 26, 2018, Defendants further met and conferred with

20   Plaintiff's counsel on the issue of arbitration.  (Levy Dec. ¶ 5, Ex. A).  This

21   correspondence explained that Plaintiff's individual claims are subject to

22   arbitration, particularly in light of the U.S. Supreme Court's recent decision in *Epic*

23   *Sys. Corp. v. Lewis*, -- S. Ct.--- (2018), No. 16-285, 2018 WL 2292444 (U.S. May

24   21, 2018).  (*Id.*) Defendants further reiterated this fact during a June 4, 2018 meet

25   and confer call.  (*Id.*) Plaintiff has nevertheless refused to submit to arbitration.

26   (*Id.*)

27

28

46749521v.2

## III.   THE COURT SHOULD COMPEL ARBITRATION

### A.   The FAA And U.S. Supreme Court Provide For Enforcement Of Agreements To Arbitrate.

The Federal Arbitration Act ("FAA") "was enacted ... in response to widespread judicial hostility to arbitration agreements." *AT&T Mobile LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2010) (citations omitted). The "principal purpose" of the FAA is to "ensur[e] that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (internal quotes and citations omitted). The Supreme Court has described Section 2 "as reflecting both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Id*. at 1745 (internal quotations omitted).

This purpose is readily apparent from the FAA's text. Section 2 of the FAA makes arbitration agreements "valid, irrevocable, and enforceable" as written (subject to a savings clause). 9 U.S.C. § 2. Section 3 of the FAA requires courts, at a party's request, to stay litigation of arbitral claims pending arbitration of those claims "in accordance with the terms of the agreement." 9 U.S.C. § 3. Finally, section 4 of the FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement. 9 U.S.C. § 4.

Because arbitration is a highly favored means of settling disputes, the United States Supreme Court has held that arbitration agreements "must be rigorously enforced." *Perry v. Thomas,* 482 U.S. 483, 490 (1987) (arbitration agreement upheld and arbitration compelled for claim for unpaid wages under California Labor Code section 229). Indeed, in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983), the Supreme Court declared:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the

6

46749521v.2

construction of the contract language itself or an
allegation of waiver, delay or like defense to arbitrability.

*Id.* at 24-25.

In *Concepcion*, the Supreme Court vigorously emphasized that the FAA embodies "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Concepcion,* 131 S. Ct. at 1749 (*quoting Moses H. Cone,* 460 U.S. at 24); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 130 S. Ct. 1758, 1763 (2010) ("Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties.  In this endeavor, as with any other contract, the parties' intentions control.") (internal quotes and citations omitted).  Accordingly, state law rules hostile to arbitration agreements are preempted by the FAA.  *Concepcion,* 131 S. Ct. at 1747-48.

## B.   Plaintiff Agreed To Arbitrate Her Claims And The Agreement Must Be Enforced.

### 1.   Plaintiff Entered Into A Valid Agreement.

To determine whether an arbitration agreement is valid and encompasses the dispute in issue, courts must apply ordinary state law principles.  *Reilly v. WM Fin. Servs. Inc.*, 95 F. App'x 851, 852 (9th Cir. 2004); *Ambler v. BT Americas Inc.*, 964 F. Supp. 2d 1169, 1173 (N.D. Cal. 2013).  Under California law, a contract is valid if there is mutual assent between the parties and valid consideration. *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000) (noting that general contract law principles determine whether an arbitration agreement is binding); *see also Div. of Labor Law Enforcement v. Transpacific Trans. Co.,* 69 Cal. App. 3d 268, 274-75 (1977) (stating mutual assent and consideration as the elements of a valid contract).

*Cal. Civil Code* section 1633.7 provides that an electronic signature has the same legal effect as a handwritten signature. To authenticate an electronic

7

signature, *Cal. Civil Code* section 1633.9 provides: "(a) An electronic record or electronic signature is attributable to a person if it was the act of the person. *The act of the person may be shown in any manner,* including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." (emphasis added). "[T]he burden of authenticating an electronic signature is not great." *Ruiz v. Moss Bros. Auto Grp*., 232 Cal. App. 4th 836, 844 (2014).

Here, it is indisputable that Plaintiff agreed to submit her employment related claims to arbitration by electronically signing the Arbitration Agreement on February 12, 2016.  In addition, the terms of the Arbitration Agreement included an express inclusion of all employee claims that may be asserted involving Decton's agents, such as Michael Kors.  (Marquardt Dec. ¶ 4, Ex. A). Defendants gave valid consideration for Plaintiff's agreement to arbitrate by agreeing to arbitrate any claims they may have against Plaintiff.  Accordingly, the Arbitration Agreement is valid.

### 2.  Michael Kors Is Also Entitled To Enforce Plaintiff's Arbitration Agreement With Decton.

Nonsignatories to arbitration agreements are entitled to compel arbitration under third party beneficiary, agency and estoppel theories.  *Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co*., 129 Cal. App. 4th 759, 766, (2005)("[t]he common thread … is the existence of an agency or similar relationship between the nonsignatory and one of the parties to the arbitration agreement.").

Here, where the Arbitration Agreement clearly indicates that it applies to Decton's agents, such as Michael Kors, Michael Kors is entitled to enforce the Arbitration Agreement against Plaintiff under each of these three theories.  The fact that Michael Kors has previously successfully joined in compelling arbitration of claims against Michael Kors with an identical Arbitration Agreement further

8

1   demonstrates that both Michael Kors and Decton may compel arbitration here.

2   (*See* Request for Judicial Notice, Exs. 1-2).

3                    **a.    Michael Kors Is Entitled To Enforce The Arbitration**
                        **Agreement As A Third Party Beneficiary.**

4

5         "A litigant who is not a party to an arbitration agreement may invoke

6   arbitration under the FAA if the relevant state contract law allows the litigant to

7   enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632

8   (2009).

9         Under California law, non-signatories may enforce an arbitration agreement

10  if they are beneficiaries of an arbitration agreement. *Harris v. Superior Court*, 188

11  Cal. App. 3d 475, 478 (1986) ("It is well established that a nonsignatory

12  beneficiary of an arbitration clause is entitled to require arbitration."); *Bouton v.*

13  *USAA Cas. Ins. Co*., 167 Cal. App. 4th 412, 425 (2008); *see also* Cal. Civ. Code,

14  § 1559 ("A contract, made expressly for the benefit of a third person, may be

15  enforced by him at any time before the parties thereto rescind it.").

16        "Whether the third party is an intended beneficiary or merely an incidental

17  beneficiary involves construction of the intention of the parties, gathered from

18  reading the contract as a whole in light of the circumstances under which it was

19  entered." *Cione v. Foresters Equity Servs., Inc*., 58 Cal. App. 4th 625, 636 (1997)

20  (quoting *Eastern Aviation Croup, Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th

21  1448, 1452 (1992)).  "It is not necessary that the [third party] beneficiary be named

22  and identified as an individual. A third party may enforce a contract where he

23  shows that he is a member of a class of persons for whose benefit it was made."

24  *Ronay Family Ltd. P'ship v. Tweed*, 216 Cal. App. 4th 830, 838–39

25  (2013)(citations and internal quotations omitted).

26        *Ronay*, which involved a dispute between an investor, his financial planner

27  and the financial planner's investment firm, is highly instructive. In *Ronay*, the

28  arbitration agreement in issue between an investor and a broker required the

9

46749521v.2

arbitration of "any controversy arising out of or related to [the investor's] accounts, the transactions with [a broker], its officers, directors, agents, registered representatives and/or employees of [the investor]." *Id.* In concluding that the financial planner and his firm (which had been affiliated with the broker) were third party beneficiaries of the agreement, the court noted "by expressly requiring arbitration of the claims against [the broker's] agents and registered representatives, the arbitration clause was intended to benefit nonparties such as [the financial planner and his investment firm]." *Id.; see also Macaulay v. Norlander*, 12 Cal. App. 4th 1, 8 (1992), modified (Jan. 5, 1993)(an introducing broker could compel arbitration of an agreement between an investor and a clearing broker as a third party beneficiary where the agreement referred to introduced accounts).

Here, the Arbitration Agreement contains similar language, and states that disputes with Decton's "agents" shall be arbitrated. (Marquardt Dec. ¶ 4, Ex. A). By expressly referencing the intention of the parties to include Decton's agents in the Arbitration Agreement, the Arbitration Agreement is indisputably enforceable by Michael Kors. Any other interpretation would likewise eradicate the well-established intended beneficiary exception to the nonsignatory rule.

Accordingly, Michael Kors may enforce the Arbitration Agreement as an intended third-party beneficiary.

### b.    Michael Kors May Compel Arbitration Under An Agency Theory.

"A nonsignatory can enforce an arbitration clause against a signatory to the agreement ... when 'the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided.'" *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 833 (N.D. Cal. 2007)(quoting *CD Partners, LLC v. Grizzle*, 424

F.3d 795, 798 (8th Cir. 2005)); *see also Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co.*, 129 Cal. App. 4th 759, 766, 28 Cal. Rptr. 3d 752, 756 (2005) ("A 'preexisting relationship' between a signatory party and another person or entity will allow enforcement of an arbitration agreement as to the nonsignatory.") "[I]f a party could avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as [defendants] in his complaint, ... the effect of the rule requiring arbitration would, in effect, be nullified." *Amisil Holdings*, 622 F. Supp. 2d at 833.

Here, Plaintiff alleges in her Complaint (albeit, incorrectly) that Decton and Michael Kors were "joint employers."  (Dkt. No. 1, Ex. A, (Comp. ¶ 13)).  She further alleges "that each defendant acted in all respect pertinent to this action as the agent of the other defendant."  (Dkt. No. 1, Ex. A, (Comp. ¶ 16)).  Accordingly, there can be no dispute that Michael Kors and Decton are "agents" and "affiliated entities."  Thus, Michael Kors falls squarely under the umbrella of the Arbitration Agreement and is entitled to enforce it.

### c.   Michael Kors May Enforce The Arbitration Agreement On Estoppel Grounds.

California courts and federal courts have recognized that a nonsignatory to an arbitration agreement may compel arbitration against a signatory on equitable estoppel grounds. *See Boucher v. Alliance Title Co., Inc.,* 127 Cal. App. 4th 262, 271-73 (2005); *Metalclad Corp. v. Ventana Envtl. Organizational P'ship*, 109 Cal. App. 4th 1705, 1713 (2003) ("the equitable estoppel doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants for claims that are based on the same facts and are inherently inseparable")(internal citations and quotations omitted).  Pursuant to the doctrine of equitable estoppel, "a non signatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and

11

46749521v.2

1  intertwined' with the underlying contract obligations." *Boucher*, 127 Cal. App. 4th
2  at 271.

3       Here, the Arbitration Agreement is intended to apply to any claims arising
4  not only out of Plaintiff's employment with Decton, but also to her temporary
5  work assignments with Decton's agents, such as Michael Kors.  Plaintiff's claims
6  relate to her temporary assignment with Michael Kors that she directly received
7  through her employment with Decton, and are therefore "intimately founded in and
8  intertwined" with her employment with Decton, as well as her underlying contract
9  obligations under the Arbitration Agreement.  *See Boucher*, 127 Cal. App. 4th at
10  271. The fact that Plaintiff's own Complaint incorrectly alleges she was employed
11  by Michael Kors (as opposed to Decton), demonstrates that her claims against
12  Michael Kors are inherently inseparable from her claims against Decton.

13       Under these circumstances, particularly given the fact that the identical
14  Arbitration Agreement has been deemed enforceable with respect to claims against
15  Decton and Michael Kors previously, Plaintiff must be required to arbitrate all of
16  her claims against Defendants.

17              **3.    Plaintiff's Claims Are Within The Scope Of The**
18                      **Arbitration Agreement.**

19       The Arbitration Agreement expressly informs Plaintiff that it covers "all
20  disputes that may arise out of the employment [] context" arising under any "state
21  or federal law or regulation." (Marquardt Dec. ¶ 4, Ex. A).

22       All of Plaintiff's claims pertain to her employment with Decton through
23  which she obtained a temporary assignment at a facility operated by Michael Kors,
24  including her claims for meal and rest period violations, minimum and overtime
25  compensation, inaccurate wage statements, and her unfair business practices claim.
26  Accordingly, there can be no doubt that her claims all arise out of her employment
27  relationship with Decton, and the fact that she temporarily performed work at a
28  Michael Kors facility.

### 4.     The Arbitration Agreement Is Not Unconscionable.

Plaintiff may argue that, despite the existence of a valid Arbitration Agreement that covers her claims, the Arbitration Agreement should not be enforced because it is unconscionable under the FAA's savings clause. This argument would fail.

The FAA includes a savings clause that allows arbitration agreements to be invalidated only "upon such grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. § 2; *Epic*, 2018 WL 2292444, at *6. The savings clause preserves generally applicable contract defenses such as unconscionability, so long as those doctrines are not "applied in a fashion that disfavors arbitration." *Concepcion,* 131 S. Ct. at 1748.

Under California law, unconscionability has **both** a requisite procedural and a substantive element, the former focusing on oppression or surprise, the latter on overly harsh or one-sided results. *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). In analyzing these two elements, courts use a sliding scale approach. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion and vice versa." *Id.* (internal citation omitted). No matter how heavily one side of the scale tips, however, **both** procedural and substantive unconscionability are required for a court to hold an arbitration agreement unenforceable. *Id.*

Here, it is clear that the Arbitration Agreement is not unconscionable because it is not one-sided in that Defendants are also required to arbitrate any claims they may have against Plaintiff. Further, the class action waiver is not unconscionable, and the Arbitration Agreement meets the *Armendariz* factors.

### a.     The Agreement Contains a Valid Class Action Waiver.

The Arbitration Agreement includes a valid class action waiver: "All claims must be brought in the parties' individual capacity, and not as a plaintiff or class

13

member in any purported class or representative proceeding." (Marquardt Dec. ¶ 4, Ex. A). As the United States Supreme Court recently held in *Epic Systems v. Lewis,* "**In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings**." *Epic*, 2018 WL 2292444, at *3 (emphasis added).  In holding that the National Labor Relations Act does not address (let alone prohibit) class action waivers, the Supreme Court reversed the Ninth Circuit's holding in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016).  The law is now quite clear.  Class action waivers are enforceable.

On May 21, 2018, the United States Supreme Court issued its decision in *Epic Systems*, which unequivocally validates class action waivers.  District Courts and parties have begun applying *Epic* to enforce class waivers similar to the one at issue in this case. *See e.g. Houck v. Steptoe & Johnson LLP*, (Order Dismissing Case with Prejudice),  Case  No. 2:17-cv-04595-ODW-AFM (C.D. Cal. May 31, 2018) (case dismissed by District Judge Wright after parties agreed that *Epic* required individual arbitration of Plaintiff's claims)[2]; *Williams, v. Dearborn Motors 1, LLC*, Case No. 17-12724,) 2018 WL 2364051 (E.D. Mich., May 24, 2018); *Camilo v. Uber Technologies, Inc.*, Case No. 17 CIV. 9508 (AKH)) 2018 WL 2464507 (S.D.N.Y., May 31, 2018).

### b.    Any Argument That The Arbitration Agreement Is Unenforceable Pursuant To *Armendariz* Would Be Meritless In Light Of *Concepcion*.

Plaintiff may attempt to challenge the validity of the Arbitration Agreement under California law by arguing that it is unenforceable because it does not satisfy the additional requirements identified in *Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal. 4th 83, 90 (2000).  Any such challenge would be meritless, both because *Armendariz* is no longer good law, and even if it is, the Agreement complies with it.

---

[2] Attached to Request for Judicial Notice, Exs. 3-4.

14

1

### i.   *Armendariz* Is No Longer Good Law.

2     Prior to *Concepcion,* the California Supreme Court addressed the issue of

3 "the validity of a mandatory employment arbitration agreement, i.e., an agreement

4 to arbitrate wrongful termination or employment discrimination claims rather than

5 filing suit in court, which an employer imposes on a prospective or current

6 employee as a condition of employment." *Armendariz,* 24 Cal. 4th at 90. The

7 *Armendariz* Court held:

8

9

10

11

> We conclude that such claims are in fact arbitrable **if** the arbitration permits an employee to vindicate his or her statutory rights ... [I]n order for such vindication to occur, the arbitration must meet certain minimum requirements, including neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration.

12

13 *Id.* at 90-91 (emphasis in original).

14     In light of *Concepcion,* however, the *Armendariz* requirements are no longer

15 enforceable.  *See Kilgore*, 718 F.3d at 1058 (holding that *Concepcion*

16 reemphasized that the savings clause permits agreements to arbitrate to be

17 invalidated by "'generally applicable contract defenses, such as fraud, duress, or

18 unconscionability," but not by defenses that apply only to arbitration or that derive

19 their meaning from that fact that an agreement to arbitrate is at issue.).

20     The *Concepcion* court specifically recognized that state procedural

21 requirements that disfavor arbitration and are contrary to the FAA are preempted,

22 and in doing so struck down California's "*Discover Bank*" rule prohibiting class-

23 action waivers in arbitration agreements in certain consumer adhesion contracts.

24 The *Discover Bank* rule was created to address the concern "that class proceedings

25 are necessary to prosecute small-dollar claims that might otherwise slip through the

26 legal system." *Concepcion,* 131 S. Ct. at 1752.  The Court, however, held that no

27 matter how desirable this concern, such a rule would be an "obstacle to the

28 accomplishment and execution of the full purposes and objectives of the [FAA]."

15

46749521v.2

1    *Id.* ("[s]tates cannot require a procedure that is inconsistent with the FAA, even if

2    it is desirable for unrelated reasons").

3         Likewise, the *Armendariz* requirements disfavor arbitration, only apply to

4    arbitration agreements, are contrary to the FAA, and are therefore preempted.

5    Similar to the *Discover Bank* rule at issue in *Concepcion*, the *Armendariz*

6    requirements were created to address the concern that arbitration agreements

7    improperly effectuate the waiver of certain unwaivable statutory rights.  But no

8    matter how important a court may find this concern, such a rule would be an

9    obstacle to the accomplishment and execution of the full purposes and objectives

10   of the FAA.

11        For these reasons, several courts have held that *Armendariz* is no longer

12   valid, in light of *Concepcion*.  *See Oguejiofor v. Nissan*, Case No. C–11–0544

13   EMC, 2011 WL 3879482, at *3 (N.D. Cal. Sept. 2, 2011) (compelling arbitration;

14   noting that *Armendariz* was abrogated in part by *Concepcion*); *Ruhe v. Masimo*

15   *Corp.,* Case No. No. SACV 11–00734–CJC(JCGx), 2011 WL 4442790, at *2

16   (C.D. Cal. Sept. 16, 2011) (compelling arbitration; "The parties dispute whether

17   *Armendariz* merely creates a test for the general contract doctrine of

18   unconscionability, or provides a separate set of 'requirements[.'] If *Armendariz*

19   does the latter, such a requirement would appear to be preempted by the FAA

20   under the Supreme Court's reasoning in *Concepcion*."); *Burnett v. Macy's West*

21   *Stores, Inc.,* Case No. 1:11–cv–01277 LJO SMS, 2011 WL 4770614, at *4 n.3

22   (E.D. Cal. Oct. 7, 2011) (compelling arbitration; noting that "[a] few courts have

23   questioned the vitality of the [*Armendariz*] requirements in light of the United

24   States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*").

25              **ii.    In Any Event, The Arbitration Agreement**
                        **Complies With The *Armendariz* Requirements.**
26

27        Even assuming that the *Armendariz* requirements were still valid, the

28   Arbitration Agreement complies with each of the *Armendariz* requirements,

namely that an arbitration agreement in the employment context must: (1) provide for a neutral arbitrator; (2) provide for more than minimal discovery; (3) require the arbitrator to issue a written decision; (4) provide for the same remedies that would otherwise be available to the employee in court; and (5) not require the employee to bear costs unique to arbitration. *Armendariz,* 24 Cal.4th at 102-13; *Baxter v. Genworth N. Am. Corp.,* 16 Cal.App.5th 713, 722 (2017).

### iii.    The Agreement Requires A Neutral Arbitrator.

A neutral arbitrator is mandatory for an arbitration agreement to be enforceable.  *Armendariz,* 24 Cal.4th at 103.  The Agreement provides: "the arbitrator selected shall be a retired judge, or otherwise qualified individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court."  (Marquardt Dec. ¶ 4, Ex. A).

Clearly, the Agreement meets the requirement of a neutral arbitrator as both parties must agree and have the right to move for disqualification of an arbitrator.

### iv.    The Agreement Provides for Adequate Discovery.

Parties involved in arbitration are "at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s)."  *Armendariz*, 24 Cal.4th at 106. The Agreement comports with this requirement and provides that the arbitrator has the authority to order any such discovery necessary to a "full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration." (Marquardt Dec. ¶ 4, Ex. A).  Additionally, "the arbitrator may also allow for the hearing of any motions, including motions for summary judgment or dismissal." (*Id.*)

Thus, the Agreement provides sufficient discovery for the parties to vindicate employment related claims, as required by *Armendariz.*

17

### v.   The Agreement Requires The Arbitrator To Issue A Written Award.

Written findings are required to ensure the limited judicial review of an arbitration award that is "necessary to ensure that an arbitrator's decision is consistent with the protection of an employee's rights." *Armendariz*, 24 Cal.4th at 107. The Agreement comports with this requirement as it requires the arbitrator to resolve the dispute based solely upon the controlling law and provides that "[a]wards shall include the arbitrator's written reasoned opinion." (Marquardt Dec. ¶ 4, Ex. A).

Thus, the Agreement satisfies the *Armendariz* requirement for a written award.

### vi.   The Agreement Does Not Limit The Relief Available to Plaintiff.

Employers cannot restrict an employee's right to recover any substantive remedies afforded by statute. *Armendariz*, 24 Cal.4th at 103-104. The Agreement comports with that requirement – and complies with *Armendariz* – as it does not limit the remedies that are available to the employee that may be afforded by statute. The Agreement provides: "Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law." (Marquardt Dec. ¶ 4, Ex. A). No restrictions are placed on Plaintiff's right to recover any substantive remedies.

Accordingly, the Agreement meets the *Armendariz* requirement by not limiting her remedies.

### vii.   Plaintiff Will Not Be Required To Pay Unreasonable Costs or Arbitrator Fees.

An employee cannot be required to "bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in

18

46749521v.2

court." *Armendariz*, 24 Cal.4th at 110-111.  According to *Armendariz*, "the employer [must] pay all types of costs that are unique to arbitration" including the arbitrator's fees.  *Id* at 113.  Again, the Agreement comports with this requirement, as Plaintiff is not required to bear any unreasonable expense for the arbitration. (Marquardt Dec. ¶ 4, Ex. A).

Accordingly, the Agreement meets each of the *Armendariz* factors and is therefore enforceable in the employment context.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Compel Arbitration, order Plaintiff to binding arbitration on an individual basis, and stay this action.

DATED: June 11, 2018                           Respectfully submitted,

                                                              SEYFARTH SHAW LLP


                                                              By: /s/ *Elizabeth M. Levy*
                                                                    Jon D. Meer
                                                                    Elizabeth M. Levy

                                                              Attorneys for Defendant
                                                              MICHAEL KORS (USA), INC.


                                                              BURKHALTER KESSLER
                                                              CLEMENT & GEORGE LLP


                                                              By:    /s/ *Ros M. Lockwood*
                                                              Ros M. Lockwood, Esq.
                                                              Daniel J. Kessler, Esq.

                                                              Attorneys for Defendants,
                                                              Decton Inc. and Total Placement
                                                              Solutions, LLC dba Decton LI
                                                              (erroneously sued as Decton Staffing
                                                              Services).

46749521v.2

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(2)(ii), I hereby attest that the content of this document is acceptable to Ros M. Lockwood, Counsel for Defendants Decton Inc. and Total Placement Solutions, LLC dba Decton LI (erroneously sued as Decton Staffing Services), and that I have obtained Ros M. Lockwood's authorization to affix her electronic signature to this document.


DATED: June 11, 2018            SEYFARTH SHAW LLP


                                By: */s/ Elizabeth M. Levy*
                                    Jon Meer
                                    Elizabeth M. Levy

                                Attorneys for Defendants
                                MICHAEL KORS (USA), INC.

JOINT MOTION TO COMPEL ARBITRATION

46749521v.2