BURKHALTER KESSLER CLEMENT & GEORGE LLP
Daniel J. Kessler, Esq., Bar No. 173710
Email: dkessler@bkcglaw.com
Ros M. Lockwood, Esq., Bar No. 198718
Email: rlockwood@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Defendants,
Decton Inc. and Total Placement Solutions, LLC dba Decton LI (erroneously sued as Decton Staffing Services)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA E. LUCAS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KORS (USA), INC., a Delaware corporation; DECTON INC., a California corporation; DECTON STAFFING SERVICES, a business entity form unknown; and DOES 1 through 100, Inclusive.<br><br>Defendants. | CASE NO. 2:18-cv-1608-MWF (MRXx)<br><br>Assigned For All Purposes:<br>Hon. Michael W. Fitzgerald<br><br>**DECLARATION OF NICOLE MARQUARDT IN SUPPORT OF DEFENDANTS DECTON INC.'S AND TOTAL PLACEMENT SOLUTIONS, LLC DBA DECTON LI'S (ERRONEOUSLY SUED AS DECTON STAFFING SERVICES) MOTION TO COMPEL ARBITRATION**<br><br>**Date:** July 9, 2018<br>**Time:** 10:00 a.m.<br>**Courtroom: 5A**<br><br>State Action Filed: December 26, 2017<br>Removal Date: February 27, 2018<br>Trial Date: None Set |

---

DECLARATION OF NICOLE MARQUARDT
IN SUPPORT OF DECTON INC'S MOTION TO COMPEL ARBITRATION

# DECLARATION OF NICOLE MARQUARDT

I, Nicole Marquardt, declare as follows:

1. I am over the age of 18 years, and am employed as Human Resources Manager for Defendant Decton, Inc. The following facts are based upon my personal knowledge and if called as a witness, I would and could competently testify thereto.

2. Plaintiff Victoria Lucas ("Plaintiff") applied for a position with Decton, Inc. on or about February 12, 2016.

3. Prior to her employment by Decton, Plaintiff entered into a two-page Mutual Binding Arbitration Agreement.

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiff and Decton's Mutual Binding Arbitration Agreement, which was signed electronically by Plaintiff on February 12, 2016, acknowledging her agreement to resolve any and all employment-related disputes by arbitration.

5. Decton uses an online, server based, computer terminal system ("HR system") for its application and hiring process. Each employee or prospective employee, including Plaintiff, is issued his own unique login ID and password. Only the employee or prospective employee knows and/or has access to this information.

6. Each employee or prospective employee, including Plaintiff, was required to sign in to Decton's HR system using their unique login ID and password when reviewing or signing electronic forms and agreements.

7. As referenced above, Plaintiff and Decton's Mutual Binding Arbitration Agreement bears Plaintiff's electronic signature, dated February 12, 2016. This electronic signature could only have been placed by a person using Plaintiff's unique login ID and password on the precise date recorded by the HR system. All Decton employees are required to use their unique login and password when they log into the HR system to sign electronic forms and agreements. Therefore, the electronic signature on Exhibit A was made by Plaintiff on February 12, 2016.

8. The Mutual Binding Arbitration Agreement provides for mandatory arbitration in the event of any dispute arising out of Plaintiff's employment relationship with Decton, Inc. or any of its agents or affiliates.

9. The Mutual Binding Agreement further provides that such mandatory arbitration shall be brought under the Federal Arbitration Act, and following the procedures of the California Arbitration Act (Code Civ. Proc. § 1280 et. seq.).

10. Attached hereto as Exhibit B is a true and correct copy of the Court's order granting Decton's Motion to Compel Arbitration in *CRUZ GONZALEZ V. DECTON, INC., ET. AL.*, Superior Court of California, Los Angeles County, Case No. BC611825 in which the Court compelled arbitration based on the same agreement as Exhibit A.

I declare, under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed on June 8, 2018, at Irvine, California.

_____
NICOLE MARQUARDT

# EXHIBIT A



# MUTUAL BINDING ARBITRATION AGREEMENT

**Introduction**

Binding arbitration of disputes, rather than litigation in courts, provides an effective means for resolving issues arising in or from an employment or independent contractor situation. Arbitration is generally faster, cheaper and less formal for all parties. Decton Inc., Decton Corporate Services Inc., Decton Health Services Inc., Decton Southwest Inc., (collectively "the Company") are committed to using binding arbitration to resolve all legal disputes, whether initiated by the Company or by an employee, in a forum which provides this alternative to the court system. As a condition of employment, employees must also agree to use the arbitration forum. The Company's agreement to use binding arbitration is confirmed by this statement; your agreement is confirmed by your signature below or by your acceptance or continuation of employment upon notice of this policy.

**Agreement**

I agree and acknowledge that the Company and I will utilize binding arbitration to resolve all disputes that may arise out of the employment (including independent contractor) context. Both the Company and I agree that any claim, dispute, and/or controversy that either I may have against the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment by, or other association with the Company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, and following the procedures of the California Arbitration Act (CA Code Civ. Proc, sec 1280 et seq.). All claims must be brought in the parties' individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

**Included Claims**

Included within the scope of this agreement are all disputes, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation, equitable law, or otherwise, with exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, Employment Development Department claims, or as otherwise required by state or federal law.

However, nothing herein shall prevent an employee from filing and pursuing proceedings before the California Department of Fair Employment and Housing, or the United States Equal Employment Opportunity Commission (although if such a claim is pursued following the exhaustion of such administrative remedies, that claim would be subject to these provisions). Further, if either party's claim is within the jurisdictional limit of the small claims court ($7,500 at the time of drafting) the party asserting such claims may opt out of this arbitration agreement and elect to pursue those claims in the small claims court.

**Procedures**

In addition to any other requirements imposed by law, the arbitrator selected shall be a retired judge, or otherwise qualified individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. Consistent with the efficiencies of arbitration, the arbitrator may also allow for the hearing of any motions, including motions for summary judgment or dismissal. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall not have the authority to combine individually filed arbitrations into a class action or collective action. Awards shall include the arbitrator's written reasoned opinion.

**Severability**

Should any term or provision, or portion thereof, be declared void or unenforceable or deemed in contravention of law, it shall be severed and/or modified by the arbitrator or court and the remainder of this agreement shall be enforceable.

**Entire Agreement**

This agreement supersedes any and all prior agreements regarding arbitration.

**Jury Waiver**

I understand that by agreeing to this arbitration agreement, both I and the Company give up our rights to trial by jury.

I hereby acknowledge that I have read the above agreement, understand it and agree to its terms.

DO NOT SIGN UNTIL YOU HAVE READ AND UNDERSTOOD THE ABOVE STATEMENT AND AGREEMENT.

Name   Victoria E Lucas                              Date   02/12/2016

☑ *Electronic Signature Accepted*

**19800 MacArthur Blvd. Suite 600 Irvine, CA 92612 ph: (877) 332-8661; fax: (866) 495-6872**

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/17/17 | DEPT. 48 |
| HONORABLE ELIZABETH ALLEN WHITE JUDGE | A. HE  DEPUTY CLERK |
| HONORABLE #2   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| | JENNIFER SEBRING |
| S. SATO, C.A. Deputy Sheriff | CSR# 13749 PRO TEMPORE Reporter |

| 8:30 am | BC611825 | Plaintiff Counsel | ARMANDO M. SOLORZANO (X) |
|---|---|---|---|
| | CRUZ GONZALEZ VS DECTON INC ET AL | Defendant Counsel | KIRSTIN ERICSON ELLIS (X) RICHARD T. COLLINS (X) |

NATURE OF PROCEEDINGS:

MOTION OF DEFENDANT, DECTON, INC. dba DECTON STAFFING SERVICES, TO COMPEL ARBITRATION AND STAY PROCEEDINGS

JOINDER MOTION OF DEFENDANT, MICHAEL KORS (USA), INC., IN DECTON, INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

The case is called.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

A tentative ruling is distributed to counsel personally appearing this date.

After hearing oral arguments, the Court amends its tentative ruling and rules as follows:

Plaintiff's Evidentiary Objections to Supplemental Declaration of Nicole Marquardt Nos. 1 and 4 are sustained; Nos. 2 and 3 are overruled.

Defendant Michael Kors (USA), Inc.'s notice of joinder is granted.

Defendant Decton, Inc.'s motion to compel arbitration and stay action is granted.

Page   1 of   2   DEPT. 48

MINUTES ENTERED
01/17/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/17/17 | DEPT. 48 |
| HONORABLE ELIZABETH ALLEN WHITE    JUDGE | A. HE    DEPUTY CLERK |
| HONORABLE #2    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. SATO, C.A.    Deputy Sheriff | JENNIFER SEBRING CSR# 13749 PRO TEMPORE    Reporter |

| 8:30 am | BC611825 <br><br> CRUZ GONZALEZ <br> VS <br> DECTON INC ET AL | Plaintiff Counsel | ARMANDO M. SOLORZANO (X) |
|---|---|---|---|
| | | Defendant Counsel | KIRSTIN ERICSON ELLIS (X) <br> RICHARD T. COLLINS (X) |

NATURE OF PROCEEDINGS:

The litigation is ordered stayed pending arbitration pursuant to Code of Civil Procedure section 1281.4.

The trial date and the Final Status Conference are advanced and vacated.

A Status Conference re Arbitration is set for May 17, 2017, at 8:30 AM, in Department 48.

Notice is waived.

Page    2 of    2    DEPT. 48

MINUTES ENTERED
01/17/17
COUNTY CLERK